## CULLINAN v. CULLINAN et al.

No. 12664.

Court of Civil Appeals of Texas,
Galveston.

April 22, 1954.

Rehearing Denied May 20, 1954.

Morris, Underwood & Oldham, Houston; Brumfield, Hebert & Rush, Baton Rouge, La., Graves, Dougherty & Greenhill and Joe R. Greenhill, Austin, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski and Leon Jaworski, Houston (J. Y. Powell and B. J. Bradshaw, Houston, of counsel), for appellees.

CODY, Justice.

This is an appeal from a judgment of a district court of Harris County sustaining appellees' plea-in-abatement to its juris-

diction over an appeal taken by appellant from an adverse judgment rendered against her in her contest of the will of her father, Craig Francis Cullinan, and seeking to set aside the order of the probate court of Harris County under date of September 5, 1950, probating said will and its codicils, which order had become final before appellant filed her contest. The will in question was dated November 18, 1943. Its codicils were dated November 20, 1943 and August 11, 1949, respectively. The appellant was testator's only daughter and one of his three surviving children. His other surviving children were two sons who were the principal beneficiaries under the will. His wife had predeceased him.

Appellant brought this contest under Article 5534, Vernon's Ann.Tex.Civ.St., to set aside the order probating the will, and to have the same declared invalid on the ground that testator lacked testamentary capacity at the time he executed said will and its codicils. Appellant made her two brothers, as well as all other beneficiaries under the will, parties defendant to the contest, and also joined the executor as a party defendant.

It appears from the judgment rendered in the probate court that the defendants there, after the parties had all announced ready for trial, urged a plea-in-abatement to the effect that appellant was married to one Waller, and that she had not plead that he had refused to join in her action and that he ought to be made a party to the action. By a trial amendment appellant alleged that she had divorced Waller in Louisiana, and the judgment of the probate court, after reciting the action which was taken by appellant to resist the plea-in-abatement levelled at her petition, went on to recite: "The Court then called for evidence concerning the matters in controversy and heard the testimony and other evidence offered by plaintiff, whereupon the plaintiff rested her case and the defendants rested without offering any evidence; and the Court having considered such evidence is of the opinion that the relief sought by plaintiff should be in all things denied and that judgment should be entered for the defendants." The judgment then went on to decree that the contest and other relief sought by the contestant be and was in all things denied, being both in form and substance an adjudication on the merits of appellant's contest. Appellant, thereupon, gave due notice of appeal to the district court of Harris County and duly executed and filed bond in the sum of $500 as fixed by the probate court.

In the district court appellees, as defendants there filed a sworn plea-in-abatement and motion to dismiss the appeal on the ground that the district court was without jurisdiction to hear such appeal. The appellees attached to said sworn plea and motion, and made a part thereof, an exhibit which presented a transcript of the entire proceedings had in the probate court, inclusive of all evidence which had been introduced there on the trial of the contest. Appellees alleged in said plea and motion that all evidence so introduced in the probate court, inclusive of the documents and testimony together with the transcript of the proceedings had therein, disclosed that appellant failed to offer any evidence to support the alleged ground for the contest of the will and its codicils. Appellees further alleged that said failure to offer evidence in the probate court in support of the controlling issue made by the pleadings of plaintiff, in contest of the will and codicils, constituted an abandonment of the contest, and alleged that an appeal would not lie to the district court.

The court in hearing the aforesaid plea and motion challenging its jurisdiction not only considered the transcript of the proceedings had in the probate court, but over the objections of appellant also reviewed all evidence that had been received by the probate court in its hearing of the contest. Then the court, as indicated above, sustained the plea to its jurisdiction and dismissed appellant's appeal—Appellant here predicates her appeal from the action of the district court in dismissing her ap-

peal from the probate court upon three points, reading as follows:

## "Point I.

"The District Court erred in holding that appellant abandoned her case in the County Court, in dismissing her appeal, and in denying her a right to a trial de novo.

## "Point II.

"The judgment of the Probate Court having recited that the testimony and other evidence offered by the appellant was heard and considered by the Court, and the Probate Court having rendered final judgment thereon and appellant having duly appealed, the District Court erred in undertaking to review the evidence introduced in the Probate Court and in adjudging, contrary to the recitals of the probate judgment, that appellant introduced no evidence and consequently had abandoned her case.

## "Point III.

"In the alternative, if the appellant abandoned her case in the Probate Court, then the only judgment which properly could have been entered was one of dismissal, and the District Court erred in failing to so declare."

■ We overrule appellant's first point. It is clear that appellant did not in point of fact intend to abandon her contest in the probate court. The question which was presented to the district court by appellees' plea-in-abatement was whether in contemplation of law appellant had abandoned her contest in the probate court, not if she intended to abandon it. The test of whether a contestant has abandoned his contest of a will in such a proceeding as this (in contradistinction to a contest instituted in the original proceeding to probate a will) is whether there was an absence in the probate court of evidence supporting the ground of the contest. And if the district court, upon a hearing of a plea-in-abatement challenging its jurisdiction to hear an appeal in such a contest as the present, finds

there was no evidence in the probate court to support the alleged ground of contest, the appeal must be dismissed. Crane v. Pierce, Tex.Civ.App., 257 S.W.2d 510, writ refused; Scheetz v. Bader, Tex.Civ. App., 251 S.W.2d 427, writ refused; Bell v. Bell, Tex.Civ.App., 245 S.W.2d 767; Bell v. Bell, Tex.Civ.App., 248 S.W.2d 978, refused, n. r. e. We will here add parenthetically that the district court, even in determining whether it has jurisdiction of an appeal of a contest in a proceeding of this kind, cannot go back of the recitals of a judgment of the probate court to determine whether the contestant abandoned his contest in the probate court. But we will discuss this matter of going back of the judgment of the probate court later when we take up appellant's second point.

■ It was first determined in Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300, writ refused, that the failure of a contestant (in such a proceeding as the present) to introduce evidence in support of the grounds of his contest was an abandonment of the contest. This was followed by Cannon v. Willis, Tex.Civ.App., 130 S.W.2d 920, writ refused. But in each of the last two cited cases it was recited in the judgment of the probate court, in effect, that the contestant declined to introduce evidence in support of the grounds of his contest. However, as indicated above, it is now settled that if no evidence was presented in the probate court in support of the alleged ground of contest, the intention to abandon the contest will be imputed to the contestant.

We overrule appellant's second point. But in this connection it is obvious to us that we place a different construction on the recitals of the probate court from the construction placed thereon by appellant. The recitals in question are as follows: "The Court then called for evidence concerning the matters in controversy *and heard the testimony and other evidence offered by plaintiff,* whereupon plaintiff rested her case and the defendants rested without offering any evidence; and the Court hav-

ing considered such evidence is of the opinthat the relief sought by plaintiff should be in all things denied and that judgment should be entered for the defendants." (Emphasis supplied).

There is no recital in the judgment that appellant introduced evidence in support of the ground of her contest. And of course there is no recital therein to the effect that appellant did not introduce evidence in support of the ground of her contest, though the implication is that in the opinion of the court no such evidence was in fact introduced. This because the court in legal effect sustained a demurrer to appellant's evidence. Had the judgment recited that the probate court heard evidence in support of appellant's ground of her contest, the district court could not have gone back of such recital. For even in passing upon its jurisdiction of the appeal, the district court has no authority to hear evidence to add to, subtract from, or contradict the recitals in the judgment of the probate court. But, as stated in Turner v. Jackson, Tex.Civ.App., 256 S.W.2d 127, 128, writ refused, "In a proper case, however, the court has the power and will consider evidence dehors the record to ascertain whether it has acquired jurisdiction of an appeal. It cannot consider evidence aliunde contradicting the record."

The district court, in passing upon whether it had jurisdiction to hear the appeal, first had to construe the recitals of the judgment of the probate court. If said recitals, as a matter of law, must be construed to mean that the probate court heard evidence in support of appellant's ground of contest, then it was error for the district court to hear the evidence which was produced before the probate court, and the district court's action sustaining the plea-in-abatement would have to be reversed. The district court, in hearing an appeal of a will contest, hears the contest de novo. In other words, if the probate court had by the recitals of its judgment found that the evidence produced before it by the contestant tended to support the ground of the

contest, that would end the matter. The district court would have no power in such a case to hear the evidence which was produced before the probate court, and determine that such evidence did not tend to support the ground of the contest.

We come now to the evidence which was produced in the probate court. The appellant did not testify. The evidence which was produced in her behalf was to the effect that the testator was a millionaire; that he left nothing to her by his will; and that he committed suicide some seven years after he executed the will. She introduced the will without any limitation, and the first article of the will in part reads: "First: I have heretofore taken adequate care of my daughter, Barbara, in providing a home and education and in making various gifts to her of income bearing securities * * *." In paragraph "d" of the third article of his will, the testator bequeathed in trust for "my granddaughter, Nina Judith Pittman, being the daughter of Barbara Cullinan Pittman" property of the value of $25,000.

Appellant introduced evidence which tended to prove that the income bearing securities which the testator was referring to as having been given to appellant had a value of about $45,000. Her evidence also tended to show that at about the time testator made such gift of securities to appellant he had also made gifts of similar value to her brothers. Appellant also introduced evidence which suggested that the only home which testator had ever furnished her was her childhood home, shared with the rest of the family. Appellant also introduced evidence which suggested that testator refused to recognize her at her mother's funeral, some six years after the execution of the will.—The last codicil merely changed the executor.

We are not sure sure that the evidence produced before the probate court by appellant would reasonably support the conclusion that the testator had by his will dealt unequally with his three children. But such was not a ground of contest. There was no evidence before the probate

court to support the contention that the testator was without testamentary capacity when he executed his will and its codicils.

■ Appellant's point 3, though presented only in the alternative, we deem untenable. It requires no citation of authority to establish the proposition that if the district court was without jurisdiction to hear the appeal and try the case de novo, that its only jurisdiction was to dismiss the appeal.

Judgment affirmed.

HAMBLEN, C. J., not sitting.