BARBARA CULLINAN V. CRAIG F. CULLINAN, JR., ET AL

No. A-4741. Decided February 2, 1955.
Rehearing overruled March 9, 1955.
Second motion for rehearing overruled March 30, 1955.
(275 S.W. 2d Series 472)

*Morris, Underwood & Oldham,* of Houston, *H. Alva Brumfield,* of Baton Rouge, La., *Graves, Dougherty & Greenhill,* and *Joe R. Greenhill,* all of Austin, for petitioner.

The Court of Civil Appeals erred in holding that because petitioner's evidence did not raise an issue of fact or was insufficient to entitle her to a judgment of the merits, she forfeited her right of apeal. Railroad Com. v. Shell, 139 Texas 66, 161 S.W. 2d 1022; Cook Drilling Co. v. Gulf, 139 Texas 80, 161 S.W. 2d 1035; Cox v. City of Dallas, 152 S.W. 2d 499, no writ history.

*Fulbright, Crooker, Freeman, Bates & Jaworski* and *Leon Jaworski, J. Y. Powell* and *B. J. Bradshaw,* all of Houston, for respondents.

Regardless of plaintiff's intentions, her failure to produce evidence in the trial court supporting her alleged ground of contest, and the evidence which she did introduce not supporting the ground of the contest, it was not error for the district court to dismiss the appeal. Minor v. Ball, 225 S.W. 784; Sheetz v. Bader, 251 S.W. 2d 427, error refused; Crane v. Pierce, 257 S.W. 2d 510, error refused.

MR. JUSTICE CALVERT delivered the opinion of the Court.

The will of Craig Francis Cullinan, dated November 18,

1943, and two codicils, dated Noverber 20, 1943 and August 11, 1949, respectively, were admitted to probate by order of the Probate Court of Harris County on September 5, 1950. Suit to set aside the order of probate and to have the will and codicils declared invalid on the ground that the testator lacked testamentary capacity at the time he executed them was filed by petitioner, the testator's only daughter, on July 3, 1951.

After a plea in abatement based on the absence of a necessary party was disposed of the petitioner offered certain evidence—the nature of which will be noticed later—and rested her case. Respondents declined to offer evidence. Thereupon the trial judge announced that he found that the contestant was not entitled to judgment. He thereafter entered a take-nothing judgment against petitioner.

After duly perfecting her appeal to the District Court petitioner was confronted with a plea in abatement and motion to dismiss the appeal on the ground that the court had no jurisdiction for that in the probate court "plaintiff failed to offer any evidence to support the alleged ground for contest of said will and codicils," it being alleged in the motion that "the probative force and effect" of the evidence offered by petitioner was "wholly insufficient and inadequate to give any support to the controlling issue alleged by plaintiff in contest of said will and codicils," by virtue whereof "plaintiff has abandoned her suit." The plea in abatement was sustained by the trial court and the appeal was dismissed. The Court of Civil Appeals affirmed. 267 S.W. 2d 902.

After this court had granted writ of error to review the foregoing judgment of the Court of Civil Appeals, petitioner filed a new proceeding in the Probate Court of Harris County to set aside the order admitting the will and codicils to probate. Thereupon respondents filed in this court their motion to dismiss the writ of error theretofore granted and petitioner's appeal on the ground that the filing of the new proceeding in the Probate Court amounted to an acquiescence in the first judgment, an election to pursue a remedy inconsistent with the appeal and an abandonment of the appeal.

■ The motion to dismiss is overruled. The new proceeding was filed by petitioner to protect her rights against a defense of limitations in the event it was finally adjudicated on this appeal that she had abandoned her first suit by failing to offer proper evidence and the judgment of the Probate Court was ordered

250

corrected to one of dismissal rather than one on the merits. Smith v. Patton, Texas Com. App., 241 S.W. 109, 116.

Having disposed of the motion to dismiss, the sole question remaining is this: did petitioner abandon her suit in the Probate Court? Quite obviously she did not abandon it in fact, so the true inquiry is whether she abandoned it in law.

As supporting the judgments of the District Court and Court of Civil Appeals holding that petitioner had abandoned her suit, respondents cite the following cases: Sorrell v. Stone, 60 Texas Civ. App., 51, 127 S.W. 300, writ refused; Cannon v. Willis, Texas Civ. App., 130 S.W. 2d 920, writ refused; Scheetz v. Bader, Texas Civ. App., 251 S.W. 2d 427, writ refused; Turner v. Jackson, Texas Civ. App., 256 S.W. 2d 127, writ refused; Crane v. Pierce, Texas Civ. App., 257 S.W. 2d 510, writ refused, and Bell v. Bell, Texas Civ. App., 245 S.W. 2d 767, no writ history, on second appeal, 248 S.W. 2d 978, writ refused, N.R.E.

■ The foregoing cases recognize that a suit to set aside an order admitting a will to probate is unlike a proceeding to probate a will where the burden of proof is on the proponent, and hold that if a contestant in the first type of proceeding fails or refuses to offer evidence in support of his case he will be held, in law, to have abandoned his suit.

In Sorrell v. Stone, the plaintiff "declined to offer any evidence in support of her motion." In Cannon v. Willis, the plaintiffs announced that they did not desire "to offer any proof upon the contest of said will." In Scheetz v. Bader, "no evidence was introduced in the trial of the case" and a consent judgment was entered. In Turner v. Jackson, "no evidence was introduced" in the county court. All four of these were cases in which contestants sought to set aside orders of the probate court admitting wills to probate and in all the contestants were held to have abandoned their suits. In none did it appear that there was an actual intention to abandon; the law implied the intention from the contestants' failure or refusal to go forward with evidence in discharge of his burden to do so.

Crane v. Pierce involved a contest of a proceeding to probate a will in which the court held the contestant was under no duty to offer evidence at the risk of being held to have abandoned his contest. The court distinguished the case from one in which the contestant was seeking to set aside an order admitting a will to probate.

In Bell v. Bell the contestants offered in evidence in the County Court only a transcript of the record showing the admission of the will to probate and testimony of family history. On the first trial on appeal from the judgment of the Probate Court the District Court refused to consider and pass on a plea in abatement based on abandonment and in a trial on the merits set aside the order of the County Court admitting the will to probate. The Court of Civil Appeals reversed the judgment of the District Court because of the failure of that court to pass on the plea in abatement. No writ of error was applied for. On retrial the District Judge overruled the plea in abatement and again rendered judgment setting aside the order admitting the will to probate on findings by a jury that the testator lacked testamentary capacity. The judgment of the District Court was reversed and judgment was rendered by the Court of Civil Appeals that contestants take nothing by their suit. The Court of Civil Appeals concluded that the record contained no evidence of probative force in support of the jury's finding that the testator lacked testamentary capacity, a conclusion in itself sufficient to support the court's judgment. The court proceeded to hold further, however, that the District Court erred in overruling the plea in abatement. The opinion was not approved by this court.

Thus it may be seen that of the cases cited only in Bell v. Bell did the contestants offer evidence of any kind or character. The facts in the other cases will therefore distinguish them from the instant case. But respondents rely on language appearing in the opinions in those cases to define what they conceive to be the correct rule, that is, that one suing to set aside an order admitting a will to probate will be held to have abandoned his suit unless he offers evidence of probative force in the probate court in support of the grounds on which he bases his cause of action. Respondents assert that any other holding would reduce the rule of abandonment to an absurdity. We do not agree.

Ordinarily "a case will not be dismissed on the ground of abandonment unless such abandonment clearly appears." Loftus v. Beckman, et al, Texas Com. App., 1 S.W. 2d 268, 270. See also Miller v. Kountze Corporate School District, Texas Com. App., 54 S.W. 2d 344. The question of whether evidence is of such probative force as to furnish support for a finding of mental incapacity or undue influence is often a close one, and not infrequently reams of testimony offered on the issue and tending to support a finding are held to be without probative force. An example may be found in the recent case of Curry v. Curry, 153

Texas 421, 270 S.W. 2d 208, in which this court held some two hundred pages of testimony offered on the issue of undue influence to be without probative force.

Petitioner alleged that about 1939 the testator became obsessed with an insane delusion that he was not the father of petitioner which delusion dethroned his reason and made it impossible for him to recognize her as a natural object of his bounty; that at about the same time he became the victim of a maniac-depressive psychosis with suicidal tendencies which grew progressively worse through the years resulting finally in his death by suicide; that at the time of executing the will and the codicils he was wholly lacking in testamentary capacity.

Petitioner offered in evidence the will and the codicils, the inventory and appraisement of the estate, the report of the finding the death of the testator to have been caused by a self-inflicted gunshot wound, the testimony of an undertaker that at the time of the death of testaor's wife about one year before his own demise testator, in listing his wife's survivors, did not list petitioner and gave no reason for having omitted her, and the testimony of George M. Irving, trust officer of the bank named in one of the codicils as executor and trustee.

The estate of the testator was valued in the inventory and appraisement at slightly more than $4,600,000, but no part of the estate was left by the will to the petitioner, the will reciting as justification for the omission that the testator had heretofore "taken adequate care" of petitioner "in providing a home and education and in making various gifts to her of income-bearing securities." Through the testimony of Mr. Irving it was developed that the only home known to him to have been provided by the testator to petitioner was the childhood home in which she was reared which we may assume was also provided for his two sons, and the only gifts of income-bearing securities of which he had any knowledge were certain securities deposited in a trust account at a time prior to the execution of the will when testator created separate trusts for petitioner and his two sons. The trust created for petitioner contained securities valued at the time of the trial at approximately $40,000 and those for the sons at approximately $60,000 each.

We hold that the evidence showing the testator's omission of petitioner's name in listing his wife's survivors, the testator's suicide and the omission of petitioner as a beneficiary in the will devising property valued at several million dollars in trust

for the two sons, in the light of the testimony in the record, tends to support the allegations in the petition and effectively prohibits a conclusion, either in fact or law, that petitioner abandoned her suit in the probate court. The fact that such evidence, either standing alone or in the light of other explanatory or controverting evidence, conceivably might be held to lack such probative force as to support a judicial finding that the testator lacked testamentary capacity at the time he executed the will and codicils, a matter which of course we do not now decide, does not force an opposite conclusion.

■ It goes without saying that if a plaintiff in this type of proceeding abandons his suit by failing or refusing to offer proper evidence the judgment of the probate court should be one of dismissal rather than one on the merits.

The judgments of the courts below are reversed and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

Associae Justice Garwood not sitting.

Opinion delivered February 2, 1955.

Rehearing overruled March 9, 1955.

Second rehearing overruled March 30, 1955.