**C. F. STARKS et al., Appellants,**

v.

**Etta V. WILLIAMS et al., Appellees.**

No. 12848.

Court of Civil Appeals of Texas.

Galveston.

Oct. 6, 1955.

Rehearing Denied Oct. 27, 1955.

W. J. Durham, Dallas, for appellants.

Allan Kottwitz and Bernard Kay, Houston, for appellees.

HAMBLEN, Chief Justice.

This suit was originally filed in the County Court of Harris County, to set aside a judgment of that court previously entered on the 1st day of April, 1952, admitting to probate an instrument tendered as the last will and testament of Rosa L. Ewell. From the record presented, and from the briefs of the litigants, the material facts appear to be substantially as follows:

Rosa L. Ewell died on March 19, 1951. On March 12, 1952, Etta V. Williams filed in the County Court of Harris County an application to probate an instrument dated October 27, 1948, as the last will and testament of Rosa L. Ewell. On April 1, 1952, such instrument was duly admitted to probate, and Etta V. Williams was appointed executor thereof without bond.

On May 27, 1952, A. D. Ewell filed this present suit. A. D. Ewell died on July 20, 1952. This suit remained pending on the docket of the County Court of Harris County until April of 1954, when appellees, who were the executrix and devisees under the will of Rosa L. Ewell, deceased, filed a motion to dismiss the suit. Appellants thereupon filed a motion to substitute parties plaintiff, which was, upon hearing, granted by the court, and the case was set for hearing on May 18, 1954. On that date the County Court rendered judgment confirming its order of April 1, 1952, admitting the will of Rosa L. Ewell to probate. Such judgment recites appearances by attorneys for both litigants, the fact that no evidence was offered by plaintiffs in support of their petition and contest, and that all matters in connection therewith should be concluded in favor of the defendants. From that judgment, plaintiffs perfected an appeal to the District Court of Harris County. Appellees, who were defendants in the trial court, filed a motion to dismiss the appeal on the ground that the appellants had abandoned their contest as a matter of law by virtue of having failed to offer evidence in support of their contest in the County Court. This motion was duly and properly set for hearing before the District Court. On October 12, 1954, the District Court sustained such motion and dismissed the appeal. From such judgment, appellants have appealed to this Court.

It is established law in Texas that in suits such as this one, wherein it is sought to have set aside a judgment previously entered admitting an instrument to probate as a last will and testament, the party instituting such suit will be held as a matter of law to have abandoned same unless at the hearing before the County Court, the judgment of which is under attack, some evidence of probative value supporting the ground or grounds of the attack is offered. Cannon v. Willis, Tex.Civ.App., 130 S.W.2d 920; Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300; Scheetz v. Bader, Tex.Civ. App., 251 S.W.2d 427; Turner v. Jackson, Tex.Civ.App., 256 S.W.2d 127; Cullinan v. Cullinan, Tex., 275 S.W.2d 472. It appears to be undisputed that appellants, at the hearing before the County Court, offered no evidence, as the judgment of that court recites. We therefore overrule appellants' second point wherein complaint is made of the action of the District Court in thereafter dismissing the appeal on the ground that appellants had abandoned their suit.

Appellants' remaining six points of error complain of procedural errors committed by the trial court. The substance of such complaints is that appellants were denied a hearing both before the County Court and the District Court because of the absence of the attorney representing them in this litigation. We deem it unnecessary to set forth each of appellants' points with particularity for the reason that even if error was committed by the trial court, which this record does not reflect to be the case, appellants have failed to comply with the applicable Texas Rules of Civil Procedure by

which such asserted error would be properly preserved for appellate court review.

The written pleadings of appellants before the trial court appear to have been signed by Henry Doyle and W. J. Durham, as attorneys of record. Both attorneys were properly notified of the 'hearing before the County Court had on May 18, 1954. Henry Doyle appeared at such hearing. So far as this record reflects, such hearing was properly held and the recitals in the judgment of that court are correct. Counsel for appellants filed no written motion for any continuance. Both of appellants' attorneys were duly and properly notified of the setting of the case before the District Court, the date of such hearing having been requested by W. J. Durham. The record reflects that Henry Doyle was present at such hearing. No written motion for continuance appears to have been filed.

■■ The basis of appellants' complaint upon which they seek to have the judgment of the trial court reversed, is reflected in the proceedings had before the trial court at the hearing of appellants' motion for a new trial. At such hearing, appellants sought to prove that while the name of Henry Doyle was signed as attorney of record, he was in fact employed only as a clerk or office boy to attend to the setting of the litigation for trial, and to perform other services described as "foot-work" for W. J. Durham, who was in fact the only counsel employed by appellants for the purpose of trial of the litigation. In view of the provisions of Rule 10 and Rule 253, T.R.C.P., we are of the opinion that even if the appellants' contentions are factually correct, they form no basis for a reversal of the judgment of the trial court. In any event, such facts, in order to afford to appellants any relief, should properly form the basis for a motion for a continuance. So far as this record reflects, appellants did not comply with the requirements of Rule 251, T.R.C.P.

The only point raised by appellants concerning which this Court entertained any doubt is set forth in their sixth point of error, wherein complaint is made of the judgment of the District Court dismissing the appeal for the reason that the judge of the County Court of Harris County committed fundamental error apparent on the face of the record by rendering judgment on the merits of the contest without any affirmative pleadings filed by appellees or evidence offered. This doubt arose because of the statement made in the opinion of the Supreme Court of Texas in the case of Cullinan v. Cullinan, supra, to the effect that if a plaintiff in a suit to set aside an order admitting a will to probate abandons his suit by failing or refusing to offer proper evidence, the probate court judgment should be one of dismissal rather than one on the merits. It is readily apparent that the basic question presented is whether or not the judgment of the County Court upon the merits of the suit filed by appellants is res adjudicata as to any subsequent refiling by them of their suit.

■■ Cannon v. Willis, 130 S.W.2d 920, by the Beaumont Court of Civil Appeals, was a suit brought to set aside the judgment of the County Court of Polk County admitting a will to probate. At the hearing the plaintiffs offered no evidence. The County Court thereupon entered its judgment upon the merits of the suit, denying to plaintiffs the relief sought, and finding that the will was properly admitted to probate, a judgment identical in its effect to that entered by the County Court in this present litigation. Upon appeal to the District Court, defendants filed a plea in abatement to the jurisdiction of that court, and asked that the appeal be dismissed. Plaintiffs thereupon sought to take a non-suit, which, if allowed, would result in the dismissal of the suit, rather than the appeal. The District Court denied the non-suit, and sustained the plea in abatement. That judgment was affirmed by the Court of Civil Appeals, and the Supreme Court refused a writ of error. We have carefully considered the opinion in that case, which the Supreme Court has approved, and conclude that it is controlling in this litigation. As we construe the applicable law, a District Court can review the judgment of a County Court in probate matters only in cases wherein its appellate juris-

diction is properly preserved. It would seem that if before the probate court the appellants had moved for a non-suit, or had filed a proper motion for continuance, the District Court would have jurisdiction to review the action of the Probate Court with reference to such motions, and to enter such judgment as the Probate Court should have entered. Appellants, as pointed out, filed no such motions. The District Court, therefore, was presented with a record which, under all of the authorities, has been held conclusively and as a matter of law to constitute an abandonment by plaintiffs of their suit. Under such circumstances, the District Court acquired no jurisdiction, and could enter no order other than one dismissing the appeal. Such order of the District Court must, therefore, be affirmed.

Affirmed.