M. G. AVEN, Appellant,

v.

Mrs. Mary F. GREEN et al., Appellees.

No. 3574.

Court of Civil Appeals of Texas.

Waco.

Aug. 14, 1958.

Rehearing Denied Sept. 12, 1958.

Dunnam & Dunnam, Waco, for appellant.

Robert W. Brown, Gatesville, Burford, Ryburn & Ford and Bruce Graham, Dallas, for appellees.

TIREY, Justice.

This is an appeal from a decree admitting to probate the last will and testament of Katie Bell, a single woman, deceased. The facts are quite complicated and they do not yield to a simple statement. The cause was tried without the aid of a jury.

This case is here on an exception to the order of the court sustaining appellees' pleas in abatement.

On this trial there was tendered in evidence the entire record tendered on the trial of the cause in the County Court, and there is a stipulation to the effect that all parties agreed to the introduction of the proceedings in the County Court on the plea in abatement but not on the merits of the law suit. The recitals in the decree give a complete history of this transaction pertinent to the question before us, and we believe that the factual situations therein re-

cited are so pertinent to the question before us that we quote the decree in part:

"On this the 29th day of January, A. D. 1958 came on to be heard the above entitled and numbered cause and came Mrs. Mary F. Green, Mrs. Sarah C. Albright and the Buckner Orphan's Home by their attorney Robt. W. Brown, proponents of the will and codicil made by Katie Bell in 1937 and 1938, and came M. G. Aven in person and by his attorney W. V. Dunnam, Jr., Proponent of the purported will and two codicils dated in 1948, 1949 and 1950 (respectively), and all parties announced ready for trial on a plea in abatement and a motion to dismiss filed by Mrs. Mary F. Green et al." (Supplemental transcript filed shows appellant did not call for a jury and did not pay a jury fee, and the cause was on the non-jury docket.)

"It appearing to the court that this cause is a will contest and is on appeal from the County Court of Coryell County, Texas and that said cause was filed as cause No. 3275 in the County Court of Coryell County, Texas, wherein M. G. Aven filed on July 13, 1956 an application to probate the last will and testament of Katie Bell deceased, which will was dated February 27, 1948 and he also filed the application to probate two codicils thereto dated August 20, 1949 and February 1, 1950.

"That Mrs. Mary F. Green, Mrs. Sarah C. Albright and the Buckner Orphan's Home filed a contest to the will and codicils filed by M. G. Aven and also filed their application to probate as the last will and testament of Katie Bell deceased, a lost will dated March 1, 1937 and a codicil thereto dated June 28, 1938.

"That service was duly made to perfect the hearing on both of said applications and that each of said proponents were asking for probate of the wills filed by them respectively and contesting the wills and codicils filed by the other parties. * * *

"That a hearing was duly had in the County Court of Coryell County, Texas starting on December 12, 1956 and both of said applications to probate and both of said contests were heard by the County Court of Coryell County, Texas in one and the same cause.

"That judgment was duly rendered in said cause in the County Court denying the probate of the will and the two codicils filed by M. G. Aven and bearing date February 27, 1948, and August 20, 1949 and February 1, 1950 and judgment was duly entered admitting to probate the will of Katie Bell deceased, filed by Mrs. Mary F. Green et al, which will was dated March 1, 1937 and a codicil thereto dated June 28, 1938.

"That thereafter an appeal bond was filed by M. G. Aven perfecting an appeal to this court and all of the record in the County Court had in said proceedings was duly certified by the Clerk of the Court and transmitted to this court on appeal.

"That thereafter on November 12, 1957, Mrs. Mary F. Green, Mrs. Sarah C. Albright and the Buckner Orphan's Home filed a plea in abatement and a motion to dismiss the application of M. G. Aven for the probate of the will and the two codicils filed by him on the ground that he had the burden of affirmative proof for the probate of the will and the codicils filed by him and that he had abandoned his application to probate said will and codicils by his failure to offer proof of same.

"That Mrs. Mary F. Green et al further asked a dismissal of his contest to the will and codicil filed by Mrs. Mary F. Green et al for the reason that he did not show any interest in the Estate of Katie Bell deceased, as required under Article 3315, R.C.S. of Texas [Vernon's Ann.Civ.St. art. 3315] and under Section 76 of the Probate Code of Texas [V.A.T.S.] except as being a beneficiary and executor under the wills filed by M. G. Aven under which he had offered no proof in the County Court and had abandoned his application to probate said will and codicils and that therefore, this Court acquired no jurisdiction to hear and determine his application or to hear and deter-

mine a contest by him when he failed to show that he had an interest in the estate of Katie Bell. * * *

"The court after hearing the plea in abatement and motion to dismiss and also a stipulation made and entered into by and between the parties in open court to the effect that the affidavit of C. S. Farmer which was filed in the County Court recited that it was filed in open court and which shows on its face that it was notarized in McLennan County, Texas and the stipulation was to the effect that C. S. Farmer never appeared in the County Court of Coryell County, Texas in the trial of said cause but that the affidavit was signed and notarized in McLennan County, Texas before a notary public in McLennan County, Texas and was received by the County Judge of Coryell County, Texas in the mail and was filed without objection in the papers of the County Court.

"That the said Mrs. Mary F. Green et al introduced in evidence all of the proceedings which were had in the County Court including the applications, the service and all evidence that was introduced and the appeal bond and clerk's certificate and all other papers filed in said cause in the County Court and the court after fully considering all the evidence offered in said cause and after hearing the argument of counsel, the court is of the opinion and finds:

"That the proponent M. G. Aven filed in the County Court of Coryell County, Texas an application to probate the last will and testament of Katie Bell deceased, dated February 27, 1948 and one codicil dated August 20, 1949 and one codicil dated February 1, 1950 and by reason of filing said instruments for probate he had the burden of proof in the County Court and that he offered no evidence on the proof of the will dated February 27, 1948; that he offered no proof of the codicil dated August 20, 1949 except the affidavit that was notarized in McLennan County, Texas and mailed to the County Judge; and that he offered no evidence on the proof of the codicil dated February 1, 1950.

"That the codicil dated August 20, 1949, which was witnessed by C. S. Farmer was dependent on the original will and that the said M. G. Aven offered no sworn testimony or affidavit of one or more of the subscribing witnesses taken in open court as required by Section 84 of the Probate Code of the State of Texas, and that the affidavit of C. S. Farmer that was sent to the County Judge by mail was not subscribed to in open court by the witness as required under Article [Section] 87 of the Probate Code of Texas.

"That by reason of the said M. G. Aven having the burden of proof in the County Court of Coryell County, Texas of the will and codicils filed by him and having failed to offer evidence in support thereof that he abandoned his application to probate the will and codicils filed by him and therefore, this court has no jurisdiction to hear his application.

"The Court further finds that the said M. G. Aven has alleged no interest in the estate of Katie Bell deceased, except as being beneficiary and as the executor named in the will and codicils filed by him and therefore, he is not an interested party under the provision of Article 3315, R.C.S. and under Section 76 of the Probate Code and therefore, he is not entitled to contest the application of Mrs. Mary F. Green et al to probate the will dated March 1, 1937 and the codicil thereto dated June 28, 1938.

"The court further finds that the plea in abatement filed by Mrs. Mary F. Green, Mrs. Sarah C. Albright and the Buckner Orphan's Home should be sustained and that their motion should be granted and that the application of M. G. Aven to probate the will filed by him, which will is dated February 27, 1948, and the two codicils dated August 20, 1949 and February 1, 1950 should be dismissed and that the motion of Mrs. Mary F. Green et al should be granted.

"The court further finds that the plea in abatement and the motion filed by Mrs. Mary F. Green et al were both filed without prejudice of the right of Mrs. Mary

F. Green, Mrs. Sarah C. Albright and the Buckner Orphan's Home to continue to prosecute their application for the probate of the last will and testament of Katie Bell deceased, which will was dated March 1, 1937 and codicil thereto dated June 28, 1938, which will and codicil was filed by them and their application is still before the court to probate said instruments as the last will and testament of Katie Bell deceased.

"It is therefore ordered, adjudged and decreed by the Court that the application of M. G. Aven to probate the will dated February 27, 1948 and the two codicils dated August 20, 1949 and February 1, 1950, which will and codicils were filed by M. G. Aven and on which he had the burden of proof, is hereby dismissed and also the contest of M. G. Aven to the probate of the will and codicil filed by Mrs. Mary F. Green et al be and the same is hereby dismissed for the reason that the said M. G. Aven has shown no interest in the estate of Katie Bell deceased, and that this order sustaining the plea in abatement and granting the motion of Mrs. Mary F. Green et al is without prejudice to the right of Mrs. Mary F. Green et al to further prosecute their application to probate the will and codicil filed by them in the County Court and the application of which is still pending in this cause.

"Thereafter on the 29th day of January 1958 came on to be heard the application of Mrs. Mary F. Green, Mrs. Sarah C. Albright and the Buckner Orphan's Home, a corporation, hereinafter called proponents who are asking for the probate of the will of Katie Bell deceased, which will was dated March 1, 1937 and a codicil thereto dated June 28, 1938, both of which have been lost.

"The Court after hearing said application and hearing the testimony of John P. Reesing, Andrew Kendrick, W. D. Cooper, Pat Holt, Robt. W. Brown, B. K. Cooper, Dr. E. E. Lowrey, A. W. Ellis, Carl McClendon and the depositions of Dr. J. H. Hamilton, A. E. Flowers, W. Earl Harrison, Mrs. C.

D. Sparks and H. K. Jackson, Sr. and the testimony of all the witnesses taken in open court on the trial in the County Court and was read into evidence in accordance with Section 89 of the Probate Code, the Court is of the opinion and finds:

"The court finds Miss Katie Bell died on or about June 29th, 1956 in Coryell County, Texas. That no child was ever born to her and she never adopted any child or children, and she was never married and never divorced.

"The court is of the opinion and finds that the proponents Mrs. Mary F. Green, Mrs. Sarah C. Albright and the Buckner Orphan's Home has proved to the satisfaction of the court: That Miss Katie Bell is dead; that four years have now elapsed since her decease, and prior to the filing of their application. That the court has jurisdiction and venue over the estate. That citation has been served and returned in the manner and for the length of time required by the probate code, and that the person for whom letters testamentary or administration is sought is entitled thereto by law and is not disqualified. That the will of Miss Katie Bell dated March 1st, 1937 and the codicil thereto dated June 28th, 1938 were executed by the testatrix with the formalities and solemnities and under the circumstances required by law to make them a valid will and codicil thereto, and that said will and codicil thereto were not revoked by the testatrix and that a necessity exists for the appointment of an administrator with the will annexed.

"The Court further finds that the original will dated March 1st, 1937, was proved by the testimony of one subscribing witness who had read said will or heard it read and one witness who had read said will and knew the signatures of the testatrix and both of the witnesses thereto. That the codicil to said will was proven by the testimony of three witnesses who had read said codicil dated June 28, 1938 and knew said codicil was wholly in the handwriting of the testatrix, and further that they had

made a recardak copy of same which was produced in court.

"The court further finds that the original will dated March 1st, 1937 and the codicil thereto dated June 28th, 1938 were both lost and not produced in court, and that the cause of nonproduction was sufficient to satisfy the court that they could not by any reasonable diligence be produced, and that the contents of said will and the codicil thereto were substantially proved by the testimony of credible witnesses who had read them or heard them read.

"The court further finds that Katie Bell was about 88 years of age at the time of her death; that she was a resident of Coryell County, Texas, where her principal estate was located and that her estate consisted of about $5000.00 in cash, and that at the time of executing said will on March 1st, 1937 and the codicil thereto dated June 28th, 1938 she was of sound and disposing mind and over 19 years of age, and that said will and the codicil thereto were never revoked."

The decree then finds the contents of the will dated March 1, 1937, executed by Katie Bell and witnessed by J. D. Brown, Jr., and Andrew Kendrick, and also finds and sets out the contents of the holographic codicil dated June 28, 1938, written by Katie Bell. The decree then appoints H. K. Jackson administrator of the estate of Katie Bell, deceased, with the will dated March 1, 1937 and the codicil dated June 28, 1938, annexed, and fixed his bond at $10,000.

The decree further provides:

"It is further ordered by the court that this judgment and all proceedings herein be certified to the County Court of Coryell County, Texas, for observance and for further proceedings herein as said Court may find necessary and proper.

"To which action of the court M. G. Aven and his attorney excepted and objected to the ruling of the court and gave notice of appeal to the Court of Civil Appeals for the Tenth Supreme Judicial District of Texas and such exception is here and now entered of record and the said M. G. Aven is given fifty days to file his statement of facts and bills of exception in the trial court."

The decree is assailed on one point. It is: "The trial court erred in sustaining appellees' plea in abatement." In appellant's brief we find this statement: "The court held that appellant offered no evidence in the probate court in support of his application to probate the will or codicil of Kate Bell and thus there arose a legal presumption that he intended to abandon his application to probate. The courts have held that such presumption arises when the proponent fails to offer *any evidence*. However, it is obvious that such presumption cannot exist if a proponent offers some evidence supporting his application, regardless of whether he successfuly makes out a legally sufficient case or not. In this case the record shows that appellant offered in evidence, without objection, the affidavit of C. S. Farmer to all of the facts necessary to the probate of the codicil of Katie Bell. The only question then is whether the affidavit, admitted without objection, is some evidence of probative value. The question has been clearly answered by Ex parte Clark [Tex.Cr.App.], 299 S.W.2d [128] 129, wherein the court clearly distinguishes between the type of hearsay having probative force, holding that an affidavit based on knowledge and not report or information is of probative force the same as other evidence in the absence of an objection."

■ Much has been written on what constitutes an abandonment in a will contest, the latest expression by our Supreme Court being found in Cullinan v. Cullinan, 154 Tex. 247, 275 S.W.2d 472, 473, and we believe the question here before us is controlled by the pronouncements in that case. There our Supreme Court reviews the appellate decisions which it considers pertinent to the question, and there we find this statement: "The foregoing cases recognize that a suit to set aside an order admitting a will

to probate is unlike a proceeding to probate a will where the burden of proof is on the proponent, and hold that if a contestant in the first type of proceeding fails or refuses to offer evidence in support of his case he will be held, in law, to have abandoned his suit." However, the Supreme Court made the following pronouncement: "Ordinarily 'a case should not be dismissed on the ground of abandonment unless such abandonment clearly appears.'" Citing cases. The foregoing opinion is comprehensive on the questions there discussed; it has clarity; and it is applicable and controlling here. See also Beeks v. Odom, 70 Tex. 183, 7 S.W. 702, point 3rd par. at page 703; Starks v. Williams, Tex.Civ.App., 282 S.W.2d 898 (n. r. e.); Probate Code, Secs. 84 and 87; 14A Tex.Jur., Sec. 128.

For the purpose of this decision, we think we must assume that appellant did not intend to abandon his application to probate the will and codicils tendered by him, or his contest to the will and codicil tendered by appellees for probate; otherwise, he would not have complied with the order of the County Court and executed the appeal bond and perfected his appeal to the district court of Coryell County. Therefore, we think the sole question here is whether appellant, under the undisputed factual situation, did, as a matter of law, abandon his application to probate the will and the two codicils referred to in his application and his contest to the appellees' application to probate their will and codicil.

The Statement of Facts before us contains only the stipulation between the parties heretofore referred to, plus copy of the affidavit executed by C. S. Farmer.

■■ In considering the question before us we are bound by the following general rules: In Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683, 685, we find this statement: "In the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court." Citing Schweizer v. Adcock, 145

Tex. 64, 194 S.W.2d 549. This court followed this rule in Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669 (n. r. e.) and Boyd v. Robinson, Tex.Civ.App., 304 S.W.2d 430. In Wilson v. Teague Independent School Dist., Tex.Civ.App., 251 S.W.2d 263, 268 (writ ref.), we find this statement: "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." Citing Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; Woodward v. Ortiz, 150 Tex. 75, 237 S.W. 2d 286. See also cases collated under 4 Tex. Dig., Appeal and Error, ■■■■ See also In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

In Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, 166, our Supreme Court, in discussing the question as to whether, as a matter of law, there was any evidence to sustain the judgment of the district court, announced this rule: "In determining this question, we must presume that the evidence supports not only the express findings made by the district court, but also any omitted findings which are necessary to support the judgment." Citing Rule 299, Texas Rules of Civil Procedure, and a long list of authorities.

Returning to the major question before us, did appellant abandon, as a matter of law, his contest of appellees' application to probate the will and codicils tendered by them, and likewise abandon his application to probate the purported will dated February 27, 1948, and the codicil thereto dated August 20, 1949, and the codicil dated February 1, 1950? This question has given us much concern but after a careful review of the entire record we have concluded that appellant did abandon, as a matter of law, his contest aforesaid, as well as his application to probate the will and codicils that he filed for probate for reasons which we shall hereinafter briefly state.

It is true that it was agreed by the parties that the testimony of C. S. Farmer could be reduced to writing and signed by him and filed with the papers in the case without any objection whatsoever. Under the record here made the affidavit of C. S. Farmer, taken in McLennan County and mailed to the County Judge and filed with the papers in the case, is the only testimony tendered by appellant. We quote the pertinent parts of this affidavit:

"On this the 14th day of December, A.D.1956 personally appeared in open court C. S. Farmer, hereinafter called affiant, who being duly sworn deposes and says:

"1. That on the 20 day of August 1949 affiant was present and saw Katie Bell, hereinafter called deceased, sign the instrument filed in this court on the 13 day of July, 1956, and now shown to affiant, bearing date on the 20 day of August 1949 and purporting to be the last will and testament of deceased.

"2. That affiant heard deceased publish and declare said above mentioned will and testament to be deceased's last will and testament, and at the time of the signing and publishing the same, the deceased was at least nineteen years of age, * * * was a member of the Armed Forces of the United States or of the auxiliaries thereof, * * * or the Maritime Services of the United States," and was of sound mind.

"3. That affiant and Emily Farmer, who witnessed the above mentioned last will and testament of the deceased, were, on the above mentioned date of the execution of said last will and testament, both credible witnesses above the age of fourteen years, and subscribed their names as witnesses to the same in the presence of and at the request of the deceased, and in the presence of each other.

"4. That the deceased died on the 29 day of June 1956 in Gatesville, Tex-as, without having revoked said above mentioned last will and testament so far as known to affiant.

"5. That deceased's domicile at the time of deceased's death was in Coryell County, Texas.

"6. That the principal part of deceased's property at the time of his death was situated in Coryell County, Texas.

"7. That no child or children were born to or adopted by the deceased after the making of the above mentioned last will and testament.
                    "/s/ C. S. Farmer
"Sworn to and subscribed before me this the 14th day of December, A.D. 1956.
            "/s/ W. V. Dunnam, Jr.,
          "Notary Public,
              McLennan County, Texas."

We believe the foregoing undisputed record brings this cause within the doctrine announced by our Supreme Court in Beeks v. Odom, 70 Tex. 183, 7 S.W. 702, 703. There we find the following statement of the rule (by Chief Justice Stayton): "It seems that, on the trial in the district court, the evidence of the subscribing witnesses present was again reduced to writing, and that this, in part, may have been done out of court, but brought into court, and there read and subscribed and sworn to, after which the witnesses were again examined and cross-examined in open court. Reducing a part of the testimony to writing out of court, when not taken by deposition, was an irregularity, which, so far as we can see from the bill of exceptions, may have been participated in by both parties; *but it did not become evidence until assented to by the witnesses in open court, and by them subscribed and sworn to.* (Italics ours.) We do not see that the course of procedure could have operated injuriously to the contestants; for the evidence thus taken was the same as taken in the county court, and the fullest opportunity to cross-examine was given."

While this matter was pending before the district court, appellant did not ask the court to continue or re-set this cause in order that he might tender the witness Farmer in court to comply with the foregoing decision. Therefore, appellant stands alone on the affidavit tendered. On the question of appellant abandoning his application to probate the will and codicil, it is not solely a question of whether he filed something in the County Court, but the question is: Did he file evidence as required by the statute having probative force to probate the will or the codicil tendered. We think he did not.

First of all, what probative force could the affidavit of C. S. Farmer have? It shows that it was notarized in McLennan County and the witness never appeared in open court as required by sections 84 and 87 of the Probate Code. Moreover, the affidavit states that the will "now shown to me," when the will was in the County Court of Coryell County, and there is no evidence that the codicil was exhibited to him when he made the affidavit. Needless to say that the statements in his affidavit with reference to the codicil dated August 20, 1949, tendered for probate by appellant, were purely hearsay insofar as he was concerned at the time he executed the affidavit, because there is an absence of evidence to show that the codicil was exhibited to him. The affidavit of C. S. Farmer, executed in McLennan County and filed with the County Judge of Coryell County, does not in any manner comply with the decision of our Supreme Court in Beeks v. Odom, supra, nor with sections 84 and 87 of our Probate Code.

■ Our statute relating to the proof of wills in force and effect at the time the Supreme Court wrote Beeks v. Odom, supra, has not been changed, but it has been codified and re-enacted by our Legislature from time to time, and now we are operating under a new Probate Code, duly enacted by our Legislature, Acts of 1955, 54th Legislature. Under the foregoing conditions, the following rule has been applied: "When a statute has been construed, especially by a court of final resort, the fact that the Legislature permits it to stand through one or more subsequent sessions without amendment may be regarded as legislative sanction of such construction, and, of course, the rule will apply even more forcibly where the statute is re-enacted or incorporated in a revision without substantial change." See 39 Tex.Jur. 175, Sec. 92. The foregoing doctrine was first announced by our Supreme Court in 1851. See Ennis v. Crump, 6 Tex. 34, and again by our Supreme Court in Gulf C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co., 68 Tex. 98, 3 S.W. 564, point on page 565, and then again by our Supreme Court in International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040, point 4, at page 1043 (Com.App., opinion adopted), and Dallas Railway & Terminal Co. v. Gentle, Tex.Civ.App., 264 S.W.2d 155 (writ ref.). See also cases under 34 Tex.Dig., Statutes, ▮▮▮▮▮▮▮▮▮▮ So far as we have been able to find, our Supreme Court has not departed from the rule here stated.

■ The evidence is without dispute that appellant tendered no evidence to support the will he claimed was executed by Katie Bell, dated February 7, 1948, and by reason thereof there is no doubt that appellant abandoned the probate of this will. Since the affidavit of C. S. Farmer, tendered in evidence, was not assented to by him in open court, as required in Beeks v. Odom, supra, such affidavit does not constitute evidence of probative force, and by reason thereof it is our view that appellant abandoned the probate of the codicil dated August 20, 1949. Moreover, it is without dispute that the decedent was a single woman; that she was advanced in age; that she had been declared a person of unsound mind prior to the time she executed the purported will of 1948 and the codicils thereto, and there being a total absence of evidence to show that testatrix had been restored to her mental capacities after she had been declared a non compos mentis, and the County Court's finding to the effect that Aven had

tendered the will and codicils for probate in bad faith, and no evidence having been offered to support the will of 1948, and none on the codicils of 1949 and 1950, and we think that all of the surrounding facts and circumstances authorized the court below to hold that the affidavit of C. S. Farmer was without probative force, under the undisputed factual situations, and that Aven had, as a matter of law, abandoned his application to probate the will and codicils he tendered for probate, and the trial court did not err in sustaining appellees' plea in abatement.

▋ Going back to the affidavit of C. S. Farmer, it is our view that it was not competent under the decision of our Supreme Court in Beeks v. Odom, supra, nor under sections 84 and 87 of our Probate Code, because, as we have heretofore stated, the affidavit was executed and notarized in McLennan County, and the statements in the affidavit relating to the codicil on file in the County Clerk's office of Coryell County were purely hearsay and of no probative effect. This being true, the affidavit comes under the rule announced by our Supreme Court in Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, at page 538: "When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case." Our Supreme Court has not seen fit to change the foregoing rule. See also 4 Tex.Dig., Appeal and Error, ▋ Consideration of Incompetent Evidence.

Finally, appellant in his brief does not specifically assail the judgment of the trial court in dismissing the contest he filed to the appellees' application to probate their will and codicils, and by reason thereof there can be no doubt that the court's or-

der of dismissal is correct under Cullinan v. Cullinan, supra.

Accordingly, the judgment of the trial court is affirmed.

HALE, J., took no part in the disposition of this case.