Dorris HOLLINGSWORTH, Appellant,

v.

Mary Hollingsworth WILLIAMS et al., Appellees.

No. 8483.

Court of Civil Appeals of Texas, Texarkana.

Nov. 15, 1977.

Rehearing Denied Dec. 27, 1977.

Erwin D. Davenport, Morehead, Sharp, Tisdel & White, Plainview, for appellant.

Jack K. Smith, Corsicana, William L. Bondurant, Bondurant & Tubb, Arlington, for appellees.

RAY, Justice.

This is a will contest. Appellees (contestants), Mary Hollingsworth Williams, John L. Hollingsworth, Jr., William B. Hollingsworth and Jack Hollingsworth, filed a contest and opposition to the will of Ione D. Hollingsworth which had been admitted to probate in Tarrant County a short time previously. Borden B. Hollingsworth, individually, and as independent executor of the Estate of Ione D. Hollingsworth, Deceased, answered the contest as did appellant, Dorris Hollingsworth. Trial of the contest was set for hearing at which time the contestants and the independent executor appeared for trial. Appellant, Dorris Hollingsworth, did not appear. The hearing was before the court and the court entered a judgment denying the contest and allowed contestants the sum of $8,000.00 from the residuary of the Estate of Ione D. Hollingsworth, Deceased. Appellant, Dorris Hollingsworth, has perfected his appeal and submits six points of error for our consideration.

Decedent died on January 21, 1974, in Arlington, Tarrant County, Texas. She left a written will which was admitted to probate on February 4, 1974, in the Probate Court of Tarrant County. The will named Borden B. Hollingsworth as independent executor of the estate of the decedent and he qualified as independent executor on February 4, 1974. In the will admitted to probate decedent made certain specific devises and bequests of both real and personal property to the independent executor. The decedent bequeathed to contestants the sum of $100.00 each. The residue of the estate was then divided equally between the independent executor and his brother, Dorris Hollingsworth. The contestants are children of John L. Hollingsworth, a deceased son of decedent. The independent executor and Dorris Hollingsworth are sons of the decedent.

When the contestants filed their contest and opposition, the independent executor and Dorris each filed separate general denials.

When the hearing was set for July 8, 1976, the independent executor and the contestants appeared at the hearing but Dorris Hollingsworth did not appear in person or by his attorney of record though he had notice of the proceedings. Judgment was entered on July 23, 1976, denying the contest, but granting contestants the sum of $8,000.00 out of the residue of the estate. The judgment states that it is based upon a settlement made between the contestants and the independent executor. No agreement appears in the record either by written instrument or by stipulation. Appellant, Dorris Hollingsworth, was not a party to the agreement. The trial court entered judgment against Dorris Hollingsworth on the basis of his non-appearance. No wit-

nesses testified at the hearing. The only pleading relative to this controversy was the contest and opposition filed by contestants praying for the cancellation of the probate of the will of the decedent. There was no demand for money to be paid out of the residue of the estate.

Appellant complains that the trial court erred in entering judgment without taking testimony or other evidence being introduced in support of the judgment at a time when appellant had answered the contest and opposition. He also complains that the trial court entered a consent judgment to which appellant did not consent and to which there was no compliance with Rule 11, Tex.R.Civ.P.

Appellees, contestants, have not complained of the court's judgment denying their contest and ordering the will of the decedent to stand as probated.

There appears in the transcript a certificate from the court reporter and from the probate judge that each was present for the hearing in this case, but no witness testified at the hearing and there were no notes taken of the proceedings by the court reporter.

Section 93 of the Texas Probate Code authorizes any interested person to contest a will that has been admitted to probate. The proceeding authorized by statute is an original one, as distinguished from a continuation of the proceedings in which the will was originally admitted to probate. By its terms the statute is limited to issues involving the validity of the will. 17 M. Woodward and E. Smith, Texas Probate and Decedents' Estates Sec. 391 at 306 (1971). It was stated in *Combs v. Howard*, 131 S.W.2d 206, 211 (Tex.Civ.App. Fort Worth 1939, no writ),

"Strictly speaking, in a proceeding to probate a will, as in this case, the court is not concerned about the disposition made of property by a testator, nor whether he may pass title to property bequeathed, nor can that court construe the terms of the will. The paramount issue in such cases is, was the proposed instrument executed under the solemnities provided by statute? (Vernon's Ann.Civ.St. art. 8281 et seq.) Is it the last will of the testator? The last inquiry embraces the question of whether or not it has been revoked."

■ It now seems well settled that the issues which may be raised in a will contest must be limited to questions of will or no will. Included in the sphere of will or no will questions are the traditional grounds for contesting a will such as lack of testamentary capacity, undue influence and fraud, revocation, improper attestation, improper execution and others.

"The general rule is that in the probate of a will it is not the province or right of the court to construe the same. The matter of construction is left to the courts in a separate and independent action after the will has been probated." *Olds v. Traylor*, 180 S.W.2d 511, 517 (Tex.Civ. App. Waco 1944, writ ref'd).

■ In the absence of an agreement in conformity with Rule 11, Tex.R.Civ.P., between all parties or their attorneys, the learned trial judge exceeded his authority in this case in awarding contestants the sum of $8,000.00 from the residuary of the estate of the decedent. Absent such an agreement, the trial judge could only determine, pursuant to Section 93 of the Texas Probate Code, the validity of the will previously admitted to probate.

■ It is further noted that in the absence of an agreement among all the parties to this case, the independent executor is not authorized to violate the provisions of the will by agreeing to award contestants $8,000.00 when the will itself provides that the contestants shall receive $100.00 each.

■ The burden on the contestants in the probate court in a proceeding to set aside the probate of a will is much more stringent than it is in the original proceedings to contest the probate of a will. There are numerous decisions holding that the contestant who fails or refuses to introduce evidence in the probate court in a suit to set aside the probate of a will abandons his suit for failure or refusal to go forward with the evidence in discharge of his burden to do so.

Comment, *Procedural Content of Will Contests,* Part I, 14 Baylor L.Rev. 316, 328 (1962); Erisman, *The Contested Will Case,* 1 St. Mary's L.J. 37, 41 (1969); *Cullinan v. Cullinan,* 154 Tex. 247, 275 S.W.2d 472 (1955). In *Cullinan,* Justice Calvert made it clear that in a suit to set aside an order admitting a will to probate the burden of proof is on the contestant and that if the contestant fails or refuses to offer *any* evidence in support of his case he will be held, in law, to have abandoned his suit. If there is no evidence introduced in the county or probate court, the law implies the intention to abandon contestant's suit and the judgment of the probate court should be one of dismissal rather than one on the merits.

In the instant case, the court reporter and the probate judge have certified that no evidence was introduced in the probate court. Thus, the judgment of the probate court should have been one of dismissal rather than one on the merits since there was no agreement among all the parties for entering a consent decree.

Accordingly, the judgment of the probate court is reversed and judgment is here rendered that contestants' cause of action be dismissed. Rule 434, Tex.R.Civ.P.