**Rudy W. De La GARZA, and wife, Johnnie De La Garza, Appellants,**

v.

**The EXPRESS–NEWS CORPORATION and Jacque Crouse, Appellees.**

No. 04–86–00226–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1986.

John D. Wennermark, San Antonio, for appellants.

Mark J. Cannan, San Antonio, for appellees.

Before BUTTS, REEVES and CHAPA, JJ.

OPINION

BUTTS, Justice.

This is an appeal from an order of dismissal imposed pursuant to TEX.R.CIV.P. 215(2)(b).

Appellants Rudy and Johnnie De La Garza sued the Express-News Corporation,

newspaper publisher in San Antonio, and its reporter, Jacque Crouse, for libel. Other defendants at the trial level are not parties in this appeal. This case was severed, and the judgment made final.

In May, 1985, after answering the lawsuit, appellees filed and served interrogatories and request for production upon appellants. When no responses to either were made, a motion to compel answers was filed and set for hearing. Following the hearing in July, the trial court entered an order on July 15 to compel that discovery be completed on or before July 23, 1985. This was not done, and appellees' motion for sanctions, filed July 25, was set for hearing on August 2. When appellants and their attorney failed to appear, the motion was granted and an order of dismissal signed on August 19.

Following that, appellants filed what appellees characterize as "partial answers" to the interrogatories. Thereafter, *appellants were granted a new trial* and ordered to file complete answers and further to respond to the request for production of certain documents. On November 19, 1985, again asserting non-compliance as to either order, appellees filed another motion for sanctions, and hearing was set for November 26. Appellants filed a reply to the request for production, which appellees called "minimal" and incomplete and a supplemental motion for sanctions was filed. Some answers were filed on November 25, again termed "partial" by appellees. A second supplemental motion was filed. The trial court reserved the issue of sanctions pending compliance with the order to provide specific documents and answer with specificity certain interrogatories on or before January 26, 1986.

Following this, on January 27, appellees filed yet another motion for sanctions based on failure to comply. On that same date appellants filed supplemental answers to the interrogatories and request for production. Again, appellees filed a supplemental motion, stating these were only "partial" answers and why they were.

A last hearing was conducted by the trial court on February 5. The order granting the motion for sanctions which asked for dismissal of the cause of action was signed on February 25, 1986.

Appellees requested production of certain specified portions of appellants' income tax returns. They allege on appeal that such documents were relevant in the cause of action since appellants claimed substantial losses in their real estate business, and the basis of the libel suit was a newspaper reference to a "$200,000 real estate investment scam" engaged in by appellants. Appellees stated that appellants refused to produce relevant requested documents to show details of investment income and real estate holdings, thereby supporting their claim for damages.

■ In their second point of error appellants maintain the trial court erred by ordering production of income tax returns because they were privileged. This argument is presented for the first time on appeal; therefore, it has been waived as a proper assignment of error. Even if it had been urged by appellants at trial, the burden would have been upon them to assert the privilege. *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex.1985). The point is overruled.

■ The first point of error addresses abuse of discretion by the trial court in granting the ultimate sanction in this case. The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, that is, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985) (Citations omitted).

■ The use of sanctions by trial courts to prevent discovery abuse has developed steadily over the past several years. These changes reflect the continuing pattern both to broaden the discovery process and to encourage sanctions for failure to comply.

*Id.* at 242.[1] The trial court was free to examine the factors before it, including its earlier dismissal for failure to comply and its subsequent reinstatement of the cause of action on appellants' motion for new trial. The transcript (there is no statement of facts) contains no indication that the trial court acted in a manner that was capricious, arbitrary, or unreasonable. We hold there was no abuse of discretion shown. Point of error one is overruled.

██ The judgment in the record discloses that the trial court granted the motion for sanctions. That motion asked for dismissal of the action. Although the court granted the motion, it entered a judgment which also states that the appellants "take nothing" against appellees. A take nothing judgment applies to the merits of an action and is inappropriate in this case. Accordingly, in rendering the judgment the trial court should have rendered, TEX.R. CIV.P. 434, we order that the judgment state the cause of action against the appellees be dismissed. *Cf. Whitaker v. Vastine,* 601 S.W.2d 398, 402 (Tex.Civ.App.— Dallas 1980, writ ref'd n.r.e.).

The judgment is affirmed as reformed.

1. *See,* Kilgarlin & Jackson, *Sanctions for Discovery Abuse Under New Rule 215,* 15 ST. MARY'S L.J. 767 (1984); Longley & Kincaid, *Discovery and Sanctions for Discovery Abuse,* 18 ST. MARY'S L.J. 163 (1986).