HOWETH INVESTMENTS, INC. and Jack Howeth, as Trustee for the 881 Brogden Trust and the 901 Brogden Trust, Assignees of Howeth Investments, Inc., Appellants,

v.

S. Frank WHITE, Robert A. Wiener, Norman A. Ward, and Katherine Vazquez, Appellees.

No. 01–05–00118–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 22, 2007.

Brent L. Vannoy, Millard A. Johnson, David Christopher Deiss, Johnson DeLuca Kennedy & Kurisky, Houston, for appellants.

John J. Hightower, Olson & Olson, L.L.P., Houston, for appellees.

Panel consists of Justices TAFT, ALCALA, and HANKS.

## OPINION

TIM TAFT, Justice.

Appellants, Howeth Investments, Inc. and Jack Howeth, as trustee for the 881 Brogden Trust and the 901 Brogden Trust, assignees of Howeth Investments, Inc. (collectively, the "Howeth parties"), appeal from a take-nothing summary judgment rendered upon the motion of appellees, S. Frank White, Robert A. Wiener, Norman A. Ward, and Katherine Vazquez (collectively, the "individual defendants"). We determine whether the trial court erred (1) by ruling on federal claims that the Howeth parties attempted to reserve and (2) by rendering a summary judgment on the merits of the Howeth parties' claim that was not reserved. We modify the judg-

ment of the trial court to dismiss the Howeth parties' claims against the individual defendants without prejudice, and we affirm the judgment as so modified.

## Background

The underlying case is for compensation for an alleged regulatory taking. Jack Howeth was a real-estate developer. He was also the president of Howeth Investments, Inc. and the trustee for the two trusts named above, which in turn were assignees of Howeth Investments, Inc. Howeth Investments, Inc. was in the business of purchasing and developing real estate.

In March 2000, the Howeth parties contracted to purchase two properties located on Brogden Street ("the Brogden properties") in the City of Hedwig Village ("the City"). In September 2000, the Howeth parties obtained fee title to the Brogden properties.

The Howeth parties contended that the only way to subdivide the Brogden properties so that they could develop them as they intended was to subdivide each piece of property into two sub-lots, with one of the subdivided lots on each piece of property having a "flag" configuration. A flag configuration is one in which one lot is behind the other relative to the street, so that the back lot has access to the street only by virtue of a long driveway.

In June 2000, the Howeth parties and the Brogden properties' sellers submitted plat applications ("the June plat applications") to the City's Planning and Zoning Commission ("the Commission") for subdivision of the Brogden properties.[1] The June plat applications proposed flag con-

figurations for subdividing each of the two Brogden properties.

The Commission scheduled a hearing for July 5, 2000 to consider the June plat applications. At the July 5 hearing, approval of the plat applications was deferred until the Commission's August 2, 2000 meeting, so that further review and research could be had.

On July 15, 2000, the Howeth parties sought certificates of "no action" from the Commission because it had allegedly not acted timely on the June plat applications under the timelines established by the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 212.009(a) (Vernon 1999) ("The municipal authority responsible for approving plats shall act on a plat within 30 days after the date the plat is filed. *A plat is considered approved by the municipal authority unless it is disapproved within that period.*") (emphasis added). The City's attorney denied the request, asserting that the cited statute did not control because the June plat applications were mere preliminary applications not subject to the statute.

At the August 2, 2000 Commission hearing, the Howeth parties again participated in a discussion of the June plat applications. A divided Commission voted against approving the June plat applications. On August 13, 2000, the Howeth parties and the Brogden properties' sellers submitted additional plat applications for the Brogden properties ("the August plat applications"). Rather than proposing flag configurations, the August plat applications proposed that the rear subdivided lots on each of the Brogden properties have ingress and egress by virtue of permanent easements over the front subdivided lots. At the Commission's August 30,

---

1. The parties appear to have disputed below whether the June plat applications were only preliminary or, in contrast, were complete.

2000 meeting, after a discussion including the Howeth parties, a divided Commission voted against approving the August plat applications.

The Howeth parties sued the City, the Commission, and the individual defendants. The individual defendants are the Commission members who voted against the June and August plat applications. Against the City and the Commission, the Howeth parties asserted a takings claim under the Texas Constitution,[2] based on allegedly unlawful regulatory takings arising from the wrongful denial of building permits and of the Howeth parties' applications, the failure to issue no-action certificates, and the issuing of a moratorium on flag lots. Against the individual defendants, the Howeth parties alleged:

> 6.1 [The individual defendants] are being sued and are liable for damages in their individual capacities *for all of the claims asserted herein* by [the Howeth parties].
>
> 6.2 The Individual Defendants have no immunity *for the claims made herein* and are liable jointly and severally for all of [the Howeth parties'] damages. The failure to approve the plats was a failure to perform a ministerial act. Public officials have no immunity for ministerial acts.

(Emphasis added.) Finally, the Howeth parties attempted to reserve federal takings claims against all of the defendants for later assertion in federal court:

> [The Howeth parties] also aver that they possess unripe federal Constitutional takings claims against Defendants[3] *but*

*do not plead such claims at this time.* However, [the Howeth parties] hereby expressly reserve the right to bring *such ripened claims* in a court of appropriate jurisdiction.

(Emphasis added.) *See Guetersloh v. State,* 930 S.W.2d 284, 289–90 (Tex.App.-Austin 1996, writ denied) (concluding that plaintiffs in state-court takings suits may reserve federal takings claims for later adjudication in federal court, so as to avoid res judicata's application to federal takings claim in later federal suit, because takings plaintiffs are only involuntarily in state court in order "to ripen" federal takings claims). *But see San Remo Hotel, L.P. v. City & County of S.F., Cal.,* 545 U.S. 323, 346, 125 S.Ct. 2491, 2506, 162 L.Ed.2d 315 (2005) (holding that reservation of federal as-applied takings claims that have issues that are not distinct from antecedent state issues does not defeat application of collateral estoppel in later federal suit); *Hallco Tex., Inc. v. McMullen County,* 221 S.W.3d 50, 61–62 (2006) (applying *San Remo Hotel, L.P.* to principle of res judicata).

The individual defendants moved for traditional summary judgment on the Howeth parties' claim against them, asserting four grounds: (1) no private cause of action for monetary damages against individuals existed for violations of the Texas Constitution, such as a taking without just compensation under article I, section 17; (2) quasi-judicial immunity barred the claim; (3) official immunity barred the claim; and (4) the Federal Volunteer Protection Act[4] barred the claim. In their

---

**2.** *See* TEX. CONST. art. I, § 17 ("No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; . . . .").

**3.** The Howeth parties did not specify against which "Defendants" they were reserving fed-

eral takings claims, but given the use of this term elsewhere in the petition, we conclude that they meant all of the defendants, even the individual ones.

**4.** *See* 42 U.S.C.S. §§ 14501–14505 (LexisNexis 2004).

summary-judgment response, the Howeth parties first argued that the individual defendants

have prematurely, and in the wrong forum, moved for summary judgment on a federal claim reserved, but not at all asserted in this lawsuit. In fact, the Individual Defendants' liability in this dispute is predicated upon a 42 U.S.C. § 1983 theory,[5] which cannot ripen until [the Howeth parties'] federal takings claim ripens. The venue in which these federal claims will be litigated is federal court.

. . . .

For the Court to grant summary judgment, as the Individual Defendants request, would be for the Court to adjudicate claims that are not even before it and amount to the rendering of an improper advisory opinion.

. . . .

Because [the Howeth parties] have yet to assert a live cause of action against [the] Individual Defendants, it would be improper for the Court to assert summary adjudication upon a claim not before it.

. . . .

Once [the Howeth parties'] federal takings claim ripens, they will have a 42 U.S.C. § 1983 claim based upon the Individual Defendants['] actions with respect to the federal takings claim.

That is, in their summary-judgment response, the Howeth parties asserted that the only claim alleged against the individual defendants was reserved and thus "was not even before" the trial court, so that the trial court could not render summary judgment on that claim without rendering an improper advisory opinion. Alternatively, the Howeth parties asserted substantive arguments on each of the three affirmative defenses that the individual defendants' motion had raised.

The trial court rendered a take-nothing summary judgment in favor of the individual defendants without specifying grounds. Within that order, the trial court severed the claim against the individual defendants from the remaining claims in the suit, thereby making the summary-judgment order final. The Howeth parties appeal.

## Standard of Review

The individual defendants moved for traditional summary judgment, attacking the cause of action directly and also raising affirmative defenses. *See* Tex.R. Civ. P. 166a(c). Summary judgment under rule 166a(c) is proper only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense. *Id.*

In our review, we indulge every reasonable inference in favor of the nonmovant, resolve any doubts in its favor, and take as true all evidence favorable to it. *Id.* When, as here, an order granting summary judgment does not specify the

5. Section 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .
42 U.S.C.S. § 1983 (LexisNexis 2002).

grounds upon which the trial court ruled, we must affirm to the extent that any of the summary judgment grounds is meritorious. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995).

### Whether the Trial Court Rendered Judgment on Reserved Federal Claims

■ In their first and second issues, the Howeth parties argue that "the trial court erred in granting summary judgment in favor of the Individual Defendants on the merits of a federal [42 U.S.C. section 1983] claim reserved, but not at all asserted in this lawsuit." The Howeth parties' issues rest entirely on the assumption that they alleged no claims against the individual defendants that they did not also reserve for federal court. That is, the Howeth parties argue that they alleged only an unripe section–1983 claim, which they reserved for adjudication in federal court and which was based on an unripe federal takings claim.

In their petition, the Howeth parties alleged that they were suing the individual defendants in their individual capacities "for all of the claims asserted herein" against the City and the Commission. The claim that the Howeth parties asserted against the City and the Commission was a regulatory-takings claim under the Texas Constitution. The petition thus asserted only a regulatory-takings claim under the Texas Constitution against the individual defendants.

We also note that, in the portion of their petition in which they attempted to reserve for federal court "unripe federal Constitutional takings claims" against all defendants, the Howeth parties specifically represented that they were not "plead[ing] such [federal] claims at this time." Sec-

tion 1983 provides a remedy for violations of *federal* rights committed by persons acting under color of state law. 42 U.S.C.S. § 1983 (LexisNexis 2002) (speaking in terms of violations, etc., of federal Constitution and laws); *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (establishing that one of two essential inquiries under section 1983 is "whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws *of the United States* ") (emphasis added), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). Any section 1983 claims would thus have fallen under the heading of "unripe federal Constitutional takings claims," so that they would have been reserved, rather than offered for adjudication in state court. By expressly reserving an "unripe federal Constitutional takings claim[ ]"—*i.e.,* a section–1983 claim—against the individual defendants, the Howeth parties' pleading expressly excluded that section–1983 claim from consideration by the trial court. For these reasons, we hold that the trial court's summary judgment adjudicated the only claim against the individual defendants that the petition had asserted for adjudication—the regulatory-takings claim asserted under the Texas Constitution. More specifically, because no pleading asserted against the individual defendants asserted a section–1983 claim that was not also reserved from the trial court's consideration, we hold that the trial court could not have rendered, and that it did not render, summary judgment on the reserved section–1983 claim.

We overrule the Howeth parties' first and second issues.[6]

---

**6.** Given our disposition and the posture of the case, we need not determine whether the

Howeth parties' reservation of section–1983 claims against the individual defendants,

### Whether the Trial Court Erred in Rendering Summary Judgment on the Merits of the State–Law Claim Actually Asserted

In their third issue, the Howeth parties argue alternatively that the trial court erred in rendering summary judgment because (1) they did not plead a state-law, constitutional-takings cause of action against the individual defendants, so that the individual defendants' summary-judgment ground that no private cause of action for damages existed for such claims was superfluous, and (2) the individual defendants did not carry their summary-judgment burden on their three affirmative defenses because either fact issues existed on them or the defenses did not apply as a matter of law.

■ We have already determined that the Howeth parties pleaded a state-law, constitutional-takings cause of action for damages against the individual defendants. Accordingly, at the time that the summary-judgment motion was filed, its ground attacking the validity of such a claim was not superfluous or inapposite. Subsequently, however, the Howeth parties in effect abandoned that state-law claim in their summary-judgment response by judicially admitting that such a claim had never been asserted.[7] *See Stephens v. Dolcefino,* 126 S.W.3d 120, 130–31 (Tex. App.-Houston [1st Dist.] 2003) (concluding that plaintiff limited cause of action by

judicial admission made in summary-judgment response), *pet. denied,* 181 S.W.3d 741 (Tex.2005). The state-law, constitutional-takings claim for damages was the only non-reserved claim asserted against the individual defendants. Because the Howeth parties abandoned their sole claim against the individual defendants, the trial court should have dismissed that claim without prejudice. *Cf. Cullinan v. Cullinan,* 154 Tex. 247, 253, 275 S.W.2d 472, 475 (1955) (dictum) (indicating that judgment of dismissal, not on merits, was proper disposition after abandonment of suit for failure to put on evidence in support); *Thompson v. Kirkland,* 422 S.W.2d 258, 261 (Tex.Civ.App.-Texarkana 1967, no writ) (following *Cullinan* ).

■ However, the trial court instead rendered a take-nothing summary judgment on this claim. A take-nothing judgment is one on the merits. *See, e.g., De La Garza v. Express–News Corp.,* 722 S.W.2d 251, 253 (Tex.App.-San Antonio 1986, no writ). An adjudication on the merits of a claim is improper after the claim has been abandoned. *Cf. Cullinan,* 154 Tex. at 253, 275 S.W.2d at 475; *Thompson,* 422 S.W.2d at 261. Summary judgment cannot be rendered on the merits of a claim that has been abandoned before the summary-judgment ruling. *Cf. Taliaferro v. Smith,* 804 S.W.2d 548, 550 (Tex.App.-Houston [14th Dist.] 1991, no

based on the individuals' participation in an alleged regulatory taking, was effective. *See San Remo Hotel, L.P. v. City & County of S.F., Cal.,* 545 U.S. 323, 346, 125 S.Ct. 2491, 2506, 162 L.Ed.2d 315 (2005) (holding that reservation of federal as-applied takings claims that have issues that are not distinct from antecedent state issues does not defeat application of collateral estoppel in later federal suit); *Hallco Tex., Inc. v. McMullen County,* 221 S.W.3d 50, —— (2006) (applying *San Remo Hotel, L.P.* to principle of res judicata). That issue is not before us because it does not ripen until

the claims are asserted in a later federal suit and because the issue was not the subject of the individual defendants' summary-judgment motion.

7. At oral argument, counsel for the Howeth parties conceded that, if their petition is interpreted as having alleged a state-law, constitutional-takings claim against the individual defendants, then the Howeth parties abandoned that claim in their summary-judgment response.

writ) (in concluding that trial court erred in rendering summary judgment against non-movant plaintiff who had filed non-suit immediately before summary-judgment hearing, holding that "in the context of a summary judgment proceeding, a plaintiff may take a nonsuit at any time prior to the time the court renders judgment."); *Extended Servs. Prog., Inc. v. First Extended Serv. Corp.*, 601 S.W.2d 469, 471 (Tex.Civ. App.-Dallas 1980, writ ref'd n.r.e.) (holding same, when non-suit filed after summary-judgment hearing, but before rendition of summary judgment).

██ Because we are liberally to construe appellate briefing,[8] we construe the Howeth parties' challenge discussed here—that the summary-judgment ground asserting that no private cause of action for damages existed for their state constitutional claim was superfluous because no such claim had been pleaded—also to subsume an argument that the take-nothing judgment could not have been rendered on that claim because it had been abandoned by the time of judgment's rendition. Having so interpreted this portion of the third issue, we sustain it. We hold that the trial court erred in rendering a take-nothing summary judgment on the state-law, constitutional-takings claims for damages asserted against the individual defendants. Accordingly, we need not reach the remaining portions of the third issue, in which the Howeth parties assert that the individual defendants did not carry their summary-judgment burden on their three affirmative defenses to that claim.

## Conclusion

We modify the judgment of the trial court to dismiss the Howeth parties' claims against the individual defendants without prejudice, and we affirm the judgment as so modified.

---

8. *See* Tex.R.App. P. 38.1(e), 38.9; *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) ("[I]t is our practice to construe liberally points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants.").