Opinion issued June 27, 2008
 











    


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00495-CV
____________

PAMELA DEVORE, Appellant

V.

AMERICAN MANUFACTURER’S MUTUAL INSURANCE COMPANY,
Appellee




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2007-04859



 
MEMORANDUM OPINION

          Appellant, Pamela DeVore, appeals from a final judgment dismissing her suit
for want of subject-matter jurisdiction upon the plea to the jurisdiction of appellee,
American Manufacturer’s Mutual Insurance Company (“AMMIC”). We determine
whether the trial court erred (1) in determining that DeVore did not timely file her
petition for judicial review and (2) in disallowing DeVore to present evidence at the
motion hearing. Concluding that the petition for judicial review was untimely filed
and that the record is insufficient to support the evidentiary challenge, but also
concluding that the judgment contains fundamental error to the extent that it
adjudicated the merits of her case, we modify the judgment and affirm it as so
modified.
Background
          This is a suit for judicial review of the decision of the Texas Department of
Insurance, Division of Workers’ Compensation (“DWC”) Appeals Panel that DeVore
was not entitled to supplemental income benefits for the 4th, 5th, 6th, and 7th quarters
of 2005–2006. The DWC Appeals Panel’s decision was filed with the Texas
Workers’ Compensation Commission and became final on November 20, 2006. On
January 30, 2007, DeVore filed a petition for judicial review in the Harris County
district court, and AMMIC filed a plea to the jurisdiction and answer on February 21.
          A hearing on the plea to the jurisdiction took place on March 9. The record
contains a letter from DeVore to the trial court dated March 28, in which she
contended that she was informed by telephone that the trial court had ruled for
AMMIC. In this letter, she requested an opportunity to put on evidence before the
court—in essence requesting a rehearing. A notice written by DeVore, the trial
court’s docket sheet, and AMMIC’s brief all refer to an April 20 hearing on DeVore’s
“rehearing” letter, but no reporter’s record from that hearing appears in our record.
          The May 21 judgment of the trial court referred only to the March 9 hearing. 
That judgment recited that because DeVore did not put on legally sufficient evidence
to establish a timely filing of her petition, the trial court did not have jurisdiction over
the lawsuit. Rather than dismissing DeVore suit, the trial court affirmed the
underlying administrative decisions and rendered judgment that DeVore “recover
nothing of and from” AMMIC.
Standard of Review
          We review de novo a trial court’s ruling on a jurisdictional plea, construing the
pleadings in the plaintiff’s favor and looking to the pleader’s intent. See Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).
          “A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
a cause of action without regard to whether the claims asserted have merit.” Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Although the plaintiff’s
claims may form the context against which the jurisdictional plea is determined, the
plea generally “should be decided without delving into the merits of the case.” Id.
“[A] court deciding a plea to the jurisdiction is not required to look solely to the
[plaintiff’s] pleadings but may consider evidence and must do so when necessary to
resolve the jurisdictional issues raised.” Id. at 555. However, in general, “the proper
function of a dilatory plea does not authorize an inquiry so far into the substance of
the claims presented that plaintiffs are required to put on their case simply to establish
jurisdiction.” Id. at 554. “If the evidence creates a fact question regarding the
jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and
the fact issue will be resolved by the fact finder. However, if the relevant evidence
is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court
rules on the plea to the jurisdiction as a matter of law.” Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 227–28 (Tex. 2004).
Propriety of Dismissal
          In her sole issue for review, DeVore first argues that the trial court erred in
dismissing her suit for having untimely filed her petition for judicial review. Section
410.252 of the Texas Labor Code provides that a party may seek judicial review by
filing suit not later than the 40th day after the date on which the decision of the
appeals panel was filed with the DWC. Tex. Lab. Code Ann. § 410.252(a) (Vernon
2006). And “unless the great weight of the evidence indicates otherwise,” the receipt
date of written communications from the Texas Workers’ Compensation Commission
is deemed to be “five days after the date mailed via United States Postal Service
regular mail.” 28 Tex. Admin. Code § 102.5(d). 
          In this case, the trial court record shows that the decision of the appeals panel
became final and was filed with the Texas Workers’ Compensation Commission on
November 20, 2006. DeVore’s original petition for judicial review was filed in the
trial court on January 30, 2007. Applying Section 410.252 of the Texas Labor Code,
DeVore’s petition for judicial review had to be filed not later than December 30,
2006. See Tex. Lab. Code Ann. § 410.252(a). Consequently, we hold that her
appeal was not timely filed.
          We overrule her first argument under her sole issue.
          Allowance of Evidence
          In her second argument on appeal, DeVore contends that the trial court erred
by not allowing her to present legally sufficient evidence at a hearing.
          We hold that nothing is presented for review. The record reflects that a hearing
was held, with DeVore present, on March 9, 2007. No record of that hearing is
before us. The docket sheet also shows that a second hearing was held on April 20,
apparently on DeVore’s “rehearing” letter. No record of that hearing is before us,
either. The May 21 judgment recited that the trial court “considered the evidence,
pleadings, and arguments of counsel” from the March 9 hearing.
          On appeal, the burden is on the party appealing from the judgment to see that
sufficient record is requested and presented to show error requiring reversal.
Enterprise Leasing Co. of Houston v. Barrios, 156 S.W.3d 547, 549 (Tex. 2004); see
also Tex. R. App. P. 34.6(b)(1) (requiring that appellant request in writing that
reporter’s record be prepared), 35.3(b)(2) (delegating responsibility to official or
deputy reporter to prepare and to file reporter’s record only if appellant has requested
it). There is no reporter’s record of the March 9 or the April 20 hearings, and nothing
shows that appellant requested their preparation. Without a reporter’s record, we
cannot ascertain whether an offer of evidence was made and rejected. It then follows
that, without a reporter’s record from the March 9 hearing that is referenced in the
trial court’s judgment, DeVore cannot show that the trial court erred. See Nat’l Union
Fire Ins. Co. v. Wyar, 821 S.W.2d 291, 296 (Tex. App.—Houston [1st Dist.] 1991,
no writ).
          We overrule her second argument under her sole issue.
Fundamental Error
          The trial court granted AMMIC’s jurisdictional plea, reciting in its judgment
that it lacked subject-matter jurisdiction over DeVore’s lawsuit. Instead of rendering
judgment dismissing DeVore’s suit, however, the trial court rendered judgment
affirming the underlying administrative decisions and providing that DeVore take
nothing from AMMIC. 
          The proper remedy for an incurable impediment to subject-matter jurisdiction
is to dismiss the suit. Texas Dept. of Human Services v. Okoli, 2007 WL 1844897,
at *4 (Tex. App.—Houston [1st Dist.] June 28, 2007, pet. filed); Volume Millwork,
Inc. v. W. Houston Airport Corp., 218 S.W.3d 722, 726 (Tex. App.—Houston [1st
Dist.] 2006, pet. denied). “A court may not rule on the merits of claims over which
it has no jurisdiction.” Williams v. Houston Firemen’s Relief & Retirement Fund, 121
S.W.3d 415, 440 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The trial court
ruled on the merits of DeVore’s suit both by affirming the underlying administrative
decisions and by rendering a take-nothing judgment on her claims against AMMIC. 
 See Howeth Investments, Inc. v. White, 227 S.W.3d 205, 211 (Tex. App.—Houston
[1st Dist.] 2007, no pet.) (“A take-nothing judgment is one on the merits.”). The trial
court’s doing so was fundamental error. See Williams, 227 S.W.3d at 211 (holding
that trial court’s adjudication of merits by rendering take-nothing judgment on claim
over which it lacked subject-matter jurisdiction was “jurisdictional error”). Although
the parties did not note this error, “[l]ack of subject-matter jurisdiction is fundamental
error that this Court may properly raise and recognize sua sponte.” Volume Millwork,
Inc., 218 S.W.3d at 726. 
          Accordingly, we modify the judgment to delete the provisions affirming the
underlying administrative decisions and rendering a take-nothing judgment on
DeVore’s claims against AMMIC and to substitute in their place a provision
dismissing her suit for want of subject-matter jurisdiction. See Williams, 227 S.W.3d
at 211 (modifying judgment that ruled on merits of claim over which trial court
lacked subject-matter jurisdiction to dismiss the claim and affirming the judgment as
so modified).
Conclusion
          We modify the judgment by (1) deleting the provisions affirming the
underlying administrative decisions and rendering a take-nothing judgment on
DeVore’s claims against AMMIC and (2) substituting in their place a provision
dismissing her suit for want of subject-matter jurisdiction. We affirm the judgment
as so modified.

 
Tim Taft
Justice

Panel consists of Justices Taft, Jennings, and Hudson.