TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00055-CV






Bruce Fowler, Jr. and Stephanie L. Fowler, Appellants


v.


Christopher N. Epps and Laura L. Epps, Appellees






FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY,

NO. 06-1259-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING





M E M O R A N D U M O P I N I ON



 Christopher and Laura Epps sold their house to Bruce and Stephanie Fowler. After
discovering alleged defects in the house, the Fowlers sued the Eppses for violations of the Deceptive
Trade Practices Act ("DTPA"), see Tex. Bus. & Com. Code Ann. §§ 17.45(5), .46(b) (West 2002),
common-law fraud, fraud in a real estate transaction, see id. § 27.01 (West 2009), and negligent
misrepresentation. In response, the Eppses requested their attorney's fees under a provision of the
sales contract allowing attorney's fees to be awarded to "the prevailing party in any legal proceeding
related to this contract." Before trial, the Fowlers nonsuited all of their claims. Following a bench
trial on the Eppses' claim for attorney's fees, the court rendered a judgment ordering that the Fowlers
take nothing by their lawsuit and that the Fowlers pay the Eppses' attorney's fees. In three issues
on appeal, the Fowlers assert that the trial court erred (1) when it denied their motion for directed
verdict at trial, (2) in awarding the Eppses attorney's fees because the Eppses were not the
"prevailing parties" as required by the sales contract, and (3) by ordering that the Fowlers take
nothing instead of dismissing their claims without prejudice. We will modify the portion of the
judgment ordering that the Fowlers take nothing to reflect that the Fowlers' claims are dismissed
without prejudice. We will reverse the portion of the judgment granting attorney's fees to the Eppses
and render judgment that the Eppses take nothing on their claim for attorney's fees.


FACTUAL AND PROCEDURAL BACKGROUND

 On April 19, 2004, the parties memorialized the sale of the Eppses' house by signing
a standard-form sales contract promulgated by the Texas Real Estate Commission for the sale of a
"one to four family residence." In their petition, the Fowlers pleaded that shortly after they moved
into their new house, they began to notice cracks in the walls consistent with foundation failure. 
Further, they alleged that the cracks had been previously repaired, suggesting that the prior owners
had knowledge of the foundation defect. During the course of the sale, the Eppses provided the
Fowlers with a "Seller's Disclosure Notice." In that document, the Eppses did not disclose that they
knew of any prior drywall repair or problems with the foundation of the house. The Fowlers filed
suit against the Eppses alleging violations of the DTPA, common-law fraud, fraud in a real estate
transaction, and negligent misrepresentation, asserting that the Eppses had knowledge of the
foundation failure and drywall repair and failed to disclose it as required by law. The Eppses
answered and requested attorney's fees under section 17 of the contract and section 10 of the civil
practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001-.005 (West 2002
& West Supp. 2009) (sanctions for filing frivolous, vexatious, or false pleadings).

 Before trial, the Fowlers nonsuited all of their claims, leaving only the Eppses'
contract-based claim for attorney's fees. (1) Following a bench trial solely on that claim, the trial court
rendered judgment that (1) the Fowlers take nothing on their claims against the Eppses, and (2) the
Eppses recover attorney's fees of $22,950.

DISCUSSION

The Judgment

 We begin by considering the Fowlers' third issue, that the trial court erred when it
granted a "take-nothing" judgment against the Fowlers after they nonsuited all of their claims before
trial. Rule of civil procedure 162 allows a party seeking affirmative relief to file a nonsuit at any
time before it has "introduced all of [its] evidence other than rebuttal evidence," provided that a
dismissal does not prejudice an adverse party's right to be heard on an affirmative claim for relief
or certain collateral claims for, among other things, attorney's fees. Tex. R. Civ. P. 162. (2)

 "[G]enerally, a trial court has no discretion to refuse to sign an order of dismissal once
notice of a nonsuit has been filed, [but] this broad principle necessarily has exceptions." In re
Bennett, 960 S.W.2d 35, 38 (Tex. 1997). One exception allows for disposition of "motion[s] for
sanctions, attorney's fees or other costs, pending at the time of dismissal." Tex. R. Civ. P. 162. The
court may also defer dismissing the case when other parties have affirmative claims for relief
pending. Id.; University of Tex. Med. Branch v. Estate of Blackmun, 195 S.W.3d 98, 100 (Tex.
2006). Therefore, it was not improper for the trial court in the present case to wait to dispose of the
claims of all parties together in its judgment. In granting the Fowlers' nonsuit, however, the court
erred when it disposed of the Fowlers' claims on the merits instead of dismissing the case without
prejudice. See Devore v. American Mfrs. Mut. Ins. Co., No. 01-07-00495-CV, 2008 WL 2611886,
at *3 (Tex. App.--Houston [1st Dist.] June 27, 2008, no pet.) (mem. op.) ("A take-nothing judgment
is one on the merits." (quoting Howeth Invs., Inc. v. White, 227 S.W.3d 205, 211 (Tex.
App.--Houston [1st Dist.] 2007, no pet.))); Garcia-Marroquin v. Nueces County Bail Bond Bd.,
1 S.W.3d 366, 379 n.8 (Tex. App.--Corpus Christi 1999, no pet.) (noting that statement "plaintiff
take nothing by her suit" constitutes decision on merits); see also University of Tex. Med. Branch,
195 S.W.3d at 100 (order on nonsuit is "ministerial"). Accordingly, we will modify the judgment
to reflect that the Fowlers' claims are dismissed without prejudice.


The Eppses' Claim for Attorney's Fees

 As to the Eppses' claim for attorney's fees, the Fowlers assert, as an initial matter,
that the Eppses' claim under section 17 of the sales contract is improper because none of the
Fowlers' claims were based on a breach of the sales contract but rather were extra-contractual
claims. Section 17 of the sales contract states:


ATTORNEY'S FEES: The prevailing party in any legal proceeding related to this
contract is entitled to recover reasonable attorney's fees and all costs of such
proceeding incurred by the prevailing party.



The contract in the present case is a widely used form promulgated by the Texas Real Estate
Commission, so we have had opportunities to address this issue before. In Polk v. St. Angelo, this
Court construed a substantively identical contractual provision on attorney's fees from the then-existing form contract to include extra-contractual claims based on the DTPA, negligent
misrepresentation, and negligence. No. 03-01-00356-CV, 2002 WL 1070550, at *3 (Tex.
App.--Austin May 31, 2002, pet. denied) (mem. op.); see also Sierra Assoc. Group, Inc.
v. Hardeman, No. 03-08-00324-CV, 2009 WL 416465, at *9 (Tex. App.--Austin Feb. 20, 2009, no
pet.) (mem. op.) (suit for extra-contractual claims is "related to" contract); Dickerson
v. Trinity-Western Title Co., 985 S.W.2d 687, 692-93 (Tex. App.--Fort Worth 1999, pet. denied)
(same). This Court also held that an action alleging misrepresentation in a seller's disclosure form
fell within the scope of this provision because the contract was contingent on the execution of the
seller's disclosure. Polk, 2002 WL 1070550, at *3. 

 We construe the language of section 17 of the contract with reference to the usual
principles of contract interpretation.


Contract language that can be given a certain or definite meaning is not ambiguous
and is construed as a matter of law. The primary objective is to determine the
parties' intent as reflected in the [contract's] terms, and our review of an
unambiguous contract, like any other legal question, is de novo. 



Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc., 297 S.W.3d 248, 252 (Tex. 2009) (per
curiam) (citations omitted).

 In the present case, the Fowlers brought claims for violation of the DTPA,
common-law fraud, fraud in a real estate transaction, and negligent misrepresentation. We hold that
the "related to" language in section 17 of the sales contract is broad enough to encompass these
claims; therefore, the Eppses were allowed to bring their claim for attorney's fees based on the
sales contract.

 In their first and second issues, the Fowlers complain that the trial court erred in
awarding the Eppses attorney's fees under the contract because the Eppses were not "prevailing
part[ies]" as that term in used in section 17. The Fowlers argue that since they nonsuited all of their
claims before trial, the Eppses could not be prevailing parties because the Eppses had not prevailed
on the merits of "any legal proceeding related to" the contract. We agree.

 The Eppses may recover attorney's fees under the contract only if they are the
"prevailing party in any legal proceeding related to this contract." Construing this unambiguous
language, we conclude that to be a "prevailing party" a party must prevail on the merits of some
claim "related to the contract." (3) Cases construing the phrase "prevailing party" in this and other
contexts indicate that "[a] prevailing party successfully prosecutes or defends against an action,
prevailing on the main issue, even if not to the extent of his or her original contention." Robbins
v. Capozzi, 100 S.W.3d 18, 27 (Tex. App.--Tyler 2003, no pet.). To be a "prevailing party," a party
must be successful on the merits of the claim even if the party is not awarded damages. Id. A
prevailing party is vindicated by the court's judgment. See Rich v. Olah, 274 S.W.3d 878, 888 (Tex.
App.--Dallas 2008, no pet.) (citing Dear v. City of Irving, 902 S.W.2d 731, 739 (Tex. App.--Austin
1995, writ denied)); cf. Intercontinental Group P'Ship v. KB Home Lone Star L.P., 295 S.W.3d 650,
652 (Tex. 2009) (construing "prevailing party" in contract to require that plaintiff "obtain actual and
meaningful relief" but not reaching issue of when defendant would be prevailing party (citing Farrar
v. Hobby, 506 U.S. 103, 111-12 (1992))). 

 Here, the Fowlers nonsuited all of their claims before trial. The trial was conducted
solely on the Eppses' request for attorney's fees. Despite the court's take-nothing judgment against
the Fowlers, which, as discussed above, we hold to be erroneous, the court did not adjudicate the
Fowlers' claims at trial. Because the court did not adjudicate the Fowlers' claims, and because the
Eppses brought no claim for relief on which they could prevail other than their request for attorney's
fees, the Eppses did not "prevail" on any claims that would entitle them to attorney's fees under the
terms of the contract. 

 The Eppses argue that because the Fowlers nonsuited their claims after the relevant
statute of limitations for those claims had expired, their nonsuit functioned as a dismissal with
prejudice. Because a dismissal with prejudice is a final determination on the merits of the case, the
Eppses contend that the Fowlers' nonsuit was a determination on the merits in favor of the Eppses,
thereby making them "prevailing parties." The Eppses cite no cases, and we can find none, that
support their hypothesis that a nonsuit can transmute into a dismissal with prejudice based solely on
when a party decides to file it. By filing a nonsuit, a party voluntarily withdraws its claims; a
dismissal pursuant to a nonsuit is not an adjudication on the merits and does not prejudice a claimant
from refiling the same claims. See Klein v. Dooley, 949 S.W.2d 307, 307 (Tex. 1997) (per curiam)
(noting that plaintiff has right to nonsuit without prejudice to refiling his claims). A dismissal with
prejudice functions as a final determination on the merits. See Mossler v. Shields, 818 S.W.2d 752,
754 (Tex. 1991). Because a dismissal with prejudice precludes a claimant from refiling, such a
judgment would be an improper response to the filing of a nonsuit. Assuming that a plaintiff refiled
a nonsuited claim sometime in the future, even if the claims were time-barred, they would not be
barred by res judicata but rather because they were outside the statute of limitations, which is a
waivable affirmative defense that must be raised by the opposing party and adjudicated by the court. 
See Tex. R. Civ. P. 94; Ditta v. Conte, 298 S.W.3d 187, 190 n.6 (Tex. 2009) (for appellate court to
consider defense of statute of limitations, it must be raised as affirmative defense in pleadings). 

 The Eppses urge us to hold that, as a matter of public policy, the Fowlers should not
be allowed to nonsuit "at the last minute" to avoid paying attorney's fees. They cite to Lyco
Acquisition 1984 Ltd. Partnership v. First National Bank, 860 S.W.2d 117 (Tex. App.--Amarillo
1993, writ denied), for the proposition that the Fowlers are "prohibited from nonsuiting their claims
merely to avoid liability for attorney's fees." See id. at 121. In Lyco Acquisition, Lyco sued a bank
for conversion and violations of the Texas Trust Code. Id. at 120. After the bank filed its motion
for summary judgment and request for attorney's fees under the Texas Trust Code, Lyco dropped
the trust-code cause of action. Id. at 120-21. The court held that because the bank's claim for
attorney's fees was predicated on specific statutory authority, if Lyco had nonsuited the entire case,
the bank could have maintained a separate claim for attorney's fees. Id. at 121. The court extended
that rule to partial nonsuits because "[o]therwise, a plaintiff could drop with impunity any unwisely
initiated causes of action that might result in an award of attorney's fees for his opponent and still
maintain his cause of action." Id. 

 Lyco Acquisition is not instructive in the present case. Here, the Fowlers' nonsuit is
central to whether there was a "prevailing party" for the purposes of awarding attorney's fees under
section 17 of the contract. By contrast, in Lyco Acquisition, the partial nonsuit was an attempt by
Lyco to dispense with the attorney's fees issue altogether while continuing to maintain its other
claims. The court held that the bank could advance its attorney's fees claim as a separate affirmative
claim for relief. In the present case, the Eppses can indeed maintain their request for attorney's fees
as a separate claim for relief. In order to recover their attorney's fees, however, the Eppses
must have an independent basis for such a recovery. The independent basis on which they rely is
section 17 of the contract, which permits an award of attorney's fees to the "prevailing party" in a
proceeding related to the contract. Accordingly, what we must decide is whether, in light of the
Fowlers' nonsuit, the Eppses were the "prevailing parties" under the contract. The reasoning in Lyco
Acquisition does not lead us to the conclusion we should ignore the Fowlers' nonsuit, thereby
automatically making the Eppses "prevailing parties."

 Finally, the Eppses argue that after the Fowlers' nonsuit, the parties "realigned"--the
Eppses becoming the "plaintiffs" and the Fowlers becoming the "defendants." The Eppses assert
that, despite this realignment, the Fowlers never filed an "answer" to their counterclaim. We assume
that the logical extension of the Eppses' argument is that, by not answering, the Fowlers defaulted. 
It is clear, however, that there was no default in this case. Only a few days after their nonsuit, the
Fowlers appeared at trial, announced ready, and defended themselves against the Eppses' claim for
attorney's fees. See Hock v. Salaices, 982 S.W.2d 591, 593 (Tex. App.--San Antonio 1998, no pet.)
("Traditionally any sort of appearance will defeat a default.").

 We sustain the Fowlers' points of error one and two.


CONCLUSION

 The trial court erred when it rendered a take-nothing judgment on the Fowlers' claims
when it should have dismissed their claims without prejudice. We modify paragraph number one
of the judgment to reflect a dismissal without prejudice of the Fowlers' claims. Because the Eppses
were not "prevailing parties" on the merits of a legal proceeding related to the sales contract, they
were not entitled to attorney's fees under section 17 of the contract. We reverse the portion of the
trial court's judgment granting the Eppses attorney's fees and render judgment that they take nothing
on that claim.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed in part; Reversed and Rendered in part

Filed: February 10, 2010

 
1. The Eppses declined to press their claim for attorney's fees under section 10 of the civil
practice and remedies code.
2. The Eppses claim that their request for attorney's fees was a claim for "affirmative relief"
as that term is used in rule of civil procedure 162. For the purposes of this appeal, we need not
decide whether their claim was an affirmative claim or a collateral request for attorney's fees
because, in either case, the trial court would retain plenary power to hear the claim despite the
Fowlers' nonsuit. See University of Tex. Med. Branch v. Estate of Blackmun, 195 S.W.3d 98, 100-01
(Tex. 2006). The Fowlers do not assert on appeal that it was error for the court to entertain the
Eppses' request for attorney's fees.
3. We do not believe that the Eppses' success on the "merits" of their attorney's fee claim
alone made them "prevailing parties" for the purposes of section 17. A common-sense reading of
the contract requires that the Eppses prevail on some other claim before they are entitled to attorney's
fees as a prevailing party.