

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00112-CV

———————————————

ODEH GROUP, INC.; JAMAL ODEH, INDIVIDUALLY AND ON BEHALF OF
MPBE, LLC; AND ANDALUSIA DESIGN & CONSTRUCTION, INC.,
Appellants

V.

BADY SASSIN, INDIVIDUALLY; FERNANDO SANCHEZ, INDIVIDUALLY;
AND AWAD SALEH ABDELQADAR, Appellees

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-300596-18

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Odeh Group, Inc.; Jamal Odeh, individually and on behalf of MPBE, LLC; and Andalusia Design & Construction, Inc.[1] appeal from the trial court's final judgment granting Awad Saleh Abdelqadar's no-evidence summary-judgment motion and ordering that Odeh Group, Odeh, and Andalusia[2] take nothing on their claims against Abdelqadar, Bady Sassin, and Fernando Sanchez.

Among other summary-judgment grounds, Abdelqadar alleged in his motion that there was no evidence that Appellants have standing to bring suit. On appeal, Appellants do not dispute that they lack standing and that the trial court thus lacked subject-matter jurisdiction over the case. In one issue, they contend that because the trial court lacked subject-matter jurisdiction, it erred by deciding the case's merits. We agree, and we will thus modify the judgment to dismiss the case without prejudice and affirm the judgment as modified.

## Background

Odeh Group sued Sassin, Sanchez, and Abdelqadar for trespass to try title and to quiet title to a piece of real property in Mansfield, Texas. Odeh Group also asked for declaratory relief and for the trial court to set aside a substitute trustee's deed

---

[1]We note that the parties spell Andalusia differently throughout the record and in their appellate briefing. We use the spelling Andalusia used in its notice of appeal.

[2]We will refer to these parties collectively as "Appellants" except when a distinction among them is warranted.

conveying the property to Abdelqadar. About a year later, Odeh Group amended its petition to add Odeh and Andalusia as plaintiffs and to plead additional requests for declaratory relief and claims against Sassin and Sanchez for breach of contract, breach of fiduciary duty, tortious interference, fraudulent inducement, and violations of the Texas Theft Liability Act.

On the parties' agreement, the trial court ordered that the amended petition constituted a plea in intervention, *see* Tex. R. Civ. P. 60, and re-aligned Odeh and Andalusia as intervenors.

Abdelqadar then moved for no-evidence summary judgment,[3] asserting that there was no evidence that

- Odeh Group has standing to bring the suit;

- Odeh has standing to bring the suit in his individual capacity;

- Odeh has standing to bring the suit on MPBE's behalf;

- Andalusia has standing to bring the suit;

- MPBE was a lawful entity;

- MPBE lawfully held title to the property at issue;

---

[3]Abdelqadar also moved for judgment as a matter of law on one of his affirmative defenses and on Appellants' claims for trespass to try title and to quiet title. But because the trial court's granting Abdelqadar's no-evidence motion on standing is dispositive, we need not discuss Abdelqadar's traditional motion.

- Odeh had legal authority to convey the property to Odeh Group on MPBE's behalf; and

- Abdelqadar was not a bona fide purchaser.

Abdelqadar also moved for no-evidence summary judgment on Appellants' trespass-to-try-title and quiet-title claims, asserting that there was no evidence on each element of those claims.

Appellants did not respond to the motion.[4] After a hearing, the trial court signed a final judgment granting Abdelqadar's no-evidence motion and ordering that Appellants take nothing on their claims.[5] This appeal followed.

---

[4]Shortly before Abdelqadar moved for summary judgment, the attorney representing Appellants moved to withdraw. The trial court granted the motion. About a week before the summary-judgment hearing, Odeh Group retained new counsel, who filed an appearance notice the day of the hearing, along with a motion to continue the hearing. The trial court denied the motion. This ruling is not challenged on appeal.

[5]When, as here, "there has not been a conventional trial on the merits," a judgment is final and appealable if it actually disposes of all claims and all parties or if it "clearly and unequivocally" states that it does. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). A phrase such as "[t]his judgment finally disposes of all parties and all claims and is appealable" unequivocally expresses an intent to finally dispose of a case. *Id.* at 206. Although Sassin and Sanchez did not move for summary judgment, the trial court's judgment states that it "finally disposes of all parties and all claims and is appealable." The judgment is thus final. *See id.* at 206; *see also In re Elizondo*, 544 S.W.3d 824, 828–29 (Tex. 2018) (orig. proceeding) (explaining that if an order's finality language is clear and unequivocal, an appellate court does not examine the record to determine finality). Appellants do not complain that the judgment is erroneously final and have thus waived any such error. *See Roberts v. Roper*, 373 S.W.3d 227, 231 & n.2 (Tex. App.—Dallas 2012, no pet.).

**Analysis**

When, as here, a no-evidence summary-judgment nonmovant fails to respond and to produce evidence in the trial court, the nonmovant can argue on appeal only that the no-evidence summary-judgment motion is legally insufficient. *See Dean v. Aurora Bank, FSB*, No. 01-15-00827-CV, 2016 WL 7368057, at \*4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.) (citing *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 723 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating that when a nonmovant does not respond to a no-evidence motion, the controlling issue is whether the motion was sufficient to warrant no-evidence summary judgment and thus shifted the burden to the nonmovant to produce evidence raising a genuine, material fact issue)). A no-evidence motion is legally insufficient if it is conclusory or fails to specifically challenge an essential element of a cause of action for which the nonmovant would have the burden of proof at trial. *Id.*; *see Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing Tex. R. Civ. P. 166a(i) & 1997 cmt.).

Appellants do not argue to us that Abdelqadar's no-evidence motion was legally insufficient.[6] Nor do they challenge the trial court's granting Abdelqadar's no-evidence summary-judgment motion on their lack of standing to bring suit. As we

---

[6] Standing—a component of subject-matter jurisdiction and a constitutional prerequisite to maintain a lawsuit under Texas law—can be challenged through a no-evidence summary-judgment motion. *See Taylor v. Cantu*, No. 01-19-00353-CV, 2020 WL 6878729, at \*6–7, \*6 n.3 (Tex. App.—Houston [1st Dist.] Nov. 24, 2020, no pet. h.) (mem. op.) (extending *Town of Shady Shores v. Swanson*, 590 S.W.3d 544 (Tex. 2019) beyond that case's governmental-immunity context).

understand their sole issue, they argue that because they lacked standing, the trial court lacked subject-matter jurisdiction and thus erred by granting Abdelqadar's motion on the merits and ordering that Appellants take nothing on their claims.

Standing is a component of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993). Whether a trial court has subject-matter jurisdiction is a legal question that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (op. on reh'g). If a trial court does not have subject-matter jurisdiction, it cannot decide a case's merits. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) ("'Without standing, a court lacks subject[-]matter jurisdiction' over the case, and the merits of the plaintiff's claims thus cannot be litigated or decided." (quoting *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005))).

Here, none of the Appellants responded with evidence of their standing to bring suit, and they do not dispute that the trial court thus properly granted summary judgment on that ground.[7] But, they argue, because they lacked standing, the trial

---

[7]After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus.*, 286 S.W.3d at 310. The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule

6

court did not have subject-matter jurisdiction and thus could not decide the merits of their claims. *See id.* We agree that the trial court erred by ordering that Appellants' claims were denied and that they "take nothing" because such language constituted a ruling on the merits. *See, e.g., Howeth Invs., Inc. v. White*, 227 S.W.3d 205, 211 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("A take-nothing judgment is one on the merits."); *Nguyen v. Desai*, 132 S.W.3d 115, 117–18 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding portion of trial court's judgment ordering plaintiffs take nothing constituted "a dismissal with prejudice on the merits of the [plaintiffs'] claims"); *see also Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 754 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("[T]here is no difference between a dismissal with prejudice and a take-nothing judgment, and the terms frequently are used interchangeably."). Dismissal, not a decision on the case's merits, is the appropriate remedy when a party lacks standing. *See, e.g., Buzbee v. Clear Channel Outdoor, LLC*, No. 14-19-00512-CV, 2020 WL 6738021, at *4 (Tex. App.—Houston [14th Dist.] Nov. 17, 2020, no pet. h.); *In re C.M.C.*, 192 S.W.3d 866, 870 (Tex. App.—Texarkana 2006, no pet.); *see also Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (op. on reh'g) (explaining that when a "dismissal does not implicate the claims' merits, the trial court must dismiss the claims without prejudice"). We thus sustain Appellants' sole issue.

---

166a(i). *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (op. on reh'g).

## Conclusion

Having sustained Appellants' only issue, we modify the trial court's judgment to provide that Appellants' claims are dismissed without prejudice, and we affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: February 25, 2021